SHORT RECORD
NO. 25-1916
FILED 05/29/2025

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| CITY OF CHICAGO, <br><br> Plaintiff, <br><br> v. <br><br> BP P.L.C.; BP AMERICA INC.; BP PRODUCTS NORTH AMERICA INC.; CHEVRON CORPORATION; CHEVRON U.S.A. INC.; CONOCOPHILLIPS COMPANY; CONOCOPHILLIPS; PHILLIPS 66 COMPANY; PHILLIPS 66; EXXON MOBIL CORPORATION; EXXONMOBIL OIL CORPORATION; SHELL OIL PRODUCTS COMPANY LLC; SHELL PLC; SHELL USA, INC.; and AMERICAN PETROLEUM INSTITUTE, <br><br> Defendants. | Civil Action No. 1:24-cv-02496 <br><br> Hon. Franklin U. Valderrama |

## DEFENDANTS' JOINT NOTICE OF APPEAL

Notice is given that Defendants BP p.l.c.; BP America Inc.; BP Products North America Inc.; Chevron Corporation; Chevron U.S.A. Inc.; ConocoPhillips Company; ConocoPhillips; Phillips 66 Company; Phillips 66; Exxon Mobil Corporation; ExxonMobil Oil Corporation; Shell Oil Products Company LLC; Shell plc (*f/k/a* Royal Dutch Shell plc); Shell USA, Inc. (*f/k/a* Shell Oil Company); and American Petroleum Institute, pursuant to 28 U.S.C. §§ 1291 and 1447(d), appeal to the United States Court of Appeals for the Seventh Circuit from the Memorandum Opinion and Order granting Plaintiff's Motion to Remand, ECF No. 113, entered in this action on May 16, 2025.[1]

---

[1] This Notice of Appeal is submitted subject to and without waiver of any defense, affirmative defense, or objection, including personal jurisdiction.

Dated: May 28, 2025                    Respectfully submitted,

                                       By:  *s/ Patricia Brown Holmes*
                                       **RILEY SAFER HOLMES & CANCILA LLP**
                                       Patricia Brown Holmes
                                       Ronald S. Safer
                                       Lauren E. Jaffe
                                       Christopher L. Schaeffer
                                       1 S. Dearborn St., Ste. 2200
                                       Chicago, Illinois 60603
                                       (312) 471-8700 (main)
                                       (312) 471-8701 (fax)
                                       pholmes@rshc-law.com
                                       rsafer@rshc-law.com
                                       ljaffe@rshc-law.com
                                       cschaeffer@rshc-law.com
                                       docketdept@rshc-law.com

                                       **GIBSON, DUNN & CRUTCHER LLP**
                                       Theodore J. Boutrous, Jr., *pro hac vice*
                                       tboutrous@gibsondunn.com
                                       William E. Thomson, *pro hac vice*
                                       wthomson@gibsondunn.com
                                       333 South Grand Avenue
                                       Los Angeles, CA 90071
                                       Telephone: 213.229.7000
                                       Facsimile: 213.229.7520

                                       Joshua D. Dick, *pro hac vice*
                                       jdick@gibsondunn.com
                                       One Embarcadero Center, Suite 2600
                                       San Francisco, CA 94111
                                       Telephone: 415.393.8200
                                       Facsimile: 415.374.8451

                                       Thomas G. Hungar, *pro hac vice*
                                       thungar@gibsondunn.com
                                       1700 M St., N.W.
                                       Washington, D.C. 20036
                                       Telephone: 202.887.3784
                                       Facsimile: 202.467.0539

                                       **SUSMAN GODFREY L.L.P.**
                                       Erica W. Harris, *pro hac vice forthcoming*
                                       eharris@susmangodfrey.com
                                       1000 Louisiana, Suite 5100

Houston, TX 77002
Telephone: 713.651.9366
Facsimile: 713.654.6666

**STERN, KILCULLEN & RUFOLO, LLC**
Herbert J. Stern, *pro hac vice forthcoming*
hstern@sgklaw.com
Joel M. Silverstein, *pro hac vice forthcoming*
jsilverstein@sgklaw.com
325 Columbia Turnpike, Suite 110
Florham Park, New Jersey 07932-0992
Telephone: 973.535.1900
Facsimile: 973.535.9664

*Attorneys for Defendants Chevron Corporation and*
*Chevron U.S.A. Inc.*

By:   *s/ Stephanie A. Scharf*
**SCHARF BANKS MARMOR LLC**
Stephanie A. Scharf
30 West Hubbard Street, Suite 500
Chicago, IL 60654
Tel: (312) 662-6999
Fax: (312) 726-6045
sscharf@scharfbanks.com

**ARNOLD & PORTER KAYE SCHOLER LLP**
Jonathan W. Hughes
(*pro hac vice*)
3 Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Tel: (415) 471-3100
Fax: (415) 471-3400
jonathan.hughes@arnoldporter.com

John D. Lombardo (*pro hac vice*)
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Tel: (213) 243-4000
Fax: (213) 243-4199
john.lombardo@arnoldporter.com

Diana E. Reiter (*pro hac vice*)
250 West 55th Street
New York, NY 10019-9710
Tel: (212) 836-8000

Fax: (212) 836-8689
diana.reiter@arnoldporter.com

*Attorneys for Defendants BP p.l.c., BP America Inc.
and BP Products North America Inc.*

By: *s/ Nicole C. Mueller*
Nicole C. Mueller
Kenn Brotman
**K&L GATES LLP**
70 West Madison Street
Suite 3300
Chicago, Illinois 60602
Telephone: (312) 372-1211
Facsimile: (312) 345-9976
nicole.mueller@klgates.com
kenn.brotman@klgates.com

*Attorneys for Defendants Shell plc, Shell USA, Inc.,
and Shell Oil Products Company LLC*

By: *s/ H. Patrick Morris*
**JOHNSON & BELL, LTD.**
H. Patrick Morris
David F. Fanning
Danielle Austriaco
33 W. Monroe St., Suite 2700
Chicago, IL  60603
(312) 372-0770 (main)
(312) 372-9818 (Fax)
morrisp@jbltd.com
fanningd@jbltd.com
austriacod@jbltd.com

**PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP**
Theodore V. Wells, Jr. (*pro hac vice*)
Email: twells@paulweiss.com
Daniel J. Toal (*pro hac vice*)
Email: dtoal@paulweiss.com
Yahonnes Cleary (*pro hac vice*)
Email: ycleary@paulweiss.com
Caitlin Grusauskas (*pro hac vice*)
Email: cgrusauskas@paulweiss.com
1285 Avenue of the Americas
New York, NY 10019-6064

Tel: (212) 373-3000

*Attorneys for Defendants Exxon Mobil Corporation and ExxonMobil Oil Corporation*

By:  *s/ Patrick P. Clyder*
**MCGUIREWOODS LLP**
Patrick P. Clyder #6292573
77 West Wacker Drive
Suite 4100
Chicago, IL 60601-1818
Telephone: (312) 750-8668
pclyder@mcguirewoods.com

Jeremiah J. Anderson (*pro hac vice*)
845 Texas Avenue, 24th Floor
Houston, TX 77002-2906
Telephone: (713) 571-9191
jjanderson@mcguirewoods.com

Brian D. Schmalzbach (*pro hac vice*)
800 East Canal Street
Richmond, VA 23219-3916
Telephone: (804) 775-4746
bschmalzbach@mcguirewoods.com

*Attorneys for Defendant American Petroleum Institute*

By:  *s/ Hallie B. Levin*
Hallie B. Levin
**WILMER CUTLER PICKERING HALE AND DORR LLP**
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888
E-mail: hallie.levin@wilmerhale.com

Matthew T. Martens (admission forthcoming)
**WILMER CUTLER PICKERING HALE AND DORR LLP**
2100 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
Telephone: (202) 663-6000

Facsimile: (202) 663-6363
E-mail: matthew.martens@wilmerhale.com

Robert Kingsley Smith (admission forthcoming)
**WILMER CUTLER PICKERING HALE
AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000
E-mail: robert.smith@wilmerhale.com

*Attorneys for Defendants ConocoPhillips Company
and ConocoPhillips*

By:   *s/ Sean M. Berkowitz*
Sean M. Berkowitz
**LATHAM & WATKINS LLP**
330 N. Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
Email: sean.berkowitz@lw.com

Nicole C. Valco (*pro hac vice*)
Katherine A. Rouse (*pro hac vice*)
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
Email: nicole.valco@lw.com
Email: katherine.rouse@lw.com

*Attorneys for Defendants Phillips 66 and Phillips 66
Company*

## REPRESENTATION STATEMENT

Pursuant to Rule 12(b) of the Federal Rules of Appellate Procedure, Defendants submit this Representation Statement. The following list identifies all parties to the action, and also identifies their respective counsel by name, firm, address, telephone number, and email, where appropriate.

| PARTIES | COUNSEL OF RECORD |
| --- | --- |
| Plaintiff-Appellee City of Chicago | Stephen J. Kane<br>Rebecca A. Hirsch<br>Chelsey B. Metcalf<br>CITY OF CHICAGO<br>DEPARTMENT OF LAW<br>AFFIRMATIVE LITIGATION DIVISION<br>121 North LaSalle Street, Room 600<br>Chicago, Illinois 60602<br>Tel: (312) 744-6934<br>stephen.kane@cityofchicago.org<br>rebecca.hirsch2@cityofchicago.org<br>chelsey.metcalf@cityofchicago.org<br><br>DıCELLO LEVITT LLP<br>Adam J. Levitt<br>Daniel Rock Flynn<br>Anna Claire Skinner<br>Ten North Dearborn Street, Sixth Floor<br>Chicago, Illinois 60602<br>Tel: (312) 214-7900<br>alevitt@dicellolevitt.com<br>dflynn@dicellolevitt.com<br>askinner@dicellolevitt.com<br><br>SHER EDLING LLP<br>Victor M. Sher<br>Matthew K. Edling<br>Paul Stephan<br>100 Montgomery St., Ste. 1410<br>San Francisco, CA 94104<br>Tel: (628) 231-2500<br>vic@sheredling.com<br>matt@sheredling.com<br>paul@sheredling.com |

| Defendants-Appellants Chevron Corp. and Chevron U.S.A., Inc. | RILEY SAFER HOLMES & CANCILA LLP<br>Patricia Brown Holmes<br>Ronald S. Safer<br>Lauren E. Jaffe<br>Christopher L. Schaeffer<br>1 S. Dearborn Street, Ste 2200<br>Chicago, Illinois 60603<br>(312) 471-8700 (main)<br>pholmes@rshc-law.com<br>rsafer@rshc-law.com<br>ljaffe@rshc-law.com<br>cschaeffer@rshc-law.com<br>docketdept@rshc-law.com<br><br>GIBSON, DUNN & CRUTCHER LLP<br>Theodore J. Boutrous, Jr.<br>William E. Thomson<br>tboutrous@gibsondunn.com<br>wthomson@gibsondunn.com<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br>Telephone: 213.229.7000<br><br>Joshua D. Dick<br>jdick@gibsondunn.com<br>555 Mission Street<br>San Francisco, CA 94105<br>Telephone: 415.393.8200<br><br>Thomas G. Hungar<br>thungar@gibsondunn.com<br>1700 M St., N.W.<br>Washington, D.C. 20036<br>Telephone: 202.887.3784<br><br>SUSMAN GODFREY L.L.P.<br>Erica W. Harris<br>eharris@susmangodfrey.com<br>1000 Louisiana, Suite 5100<br>Houston, TX 77002<br>Telephone: 713.651.9366 |

| | STERN, KILCULLEN & RUFOLO, LLC<br>Herbert J. Stern<br>hstern@sgklaw.com<br>Joel M. Silverstein<br>jsilverstein@sgklaw.com<br>325 Columbia Turnpike, Suite 110<br>Florham Park, New Jersey 07932-0992<br>Telephone: 973.535.1900 |
|---|---|
| Defendants-Appellants BP p.l.c., BP America Inc., BP Products North America Inc. | SCHARF BANKS MARMOR LLC<br>Stephanie A. Scharf<br>George D. Sax<br>30 West Hubbard Street, Suite 500<br>Chicago, IL 60654<br>Tel: (312) 662-6999<br>Fax: (312) 726-6045<br>sscharf@scharfbanks.com<br>gsax@scharfbanks.com<br><br>ARNOLD & PORTER KAYE SCHOLER LLP<br>Jonathan W. Hughes<br>3 Embarcadero Center, 10th Floor<br>San Francisco, CA 94111-4024<br>Tel: (415) 471-3100<br>Fax: (415) 471-3400<br>jonathan.hughes@arnoldporter.com<br><br>John D. Lombardo<br>777 South Figueroa Street, 44th Floor<br>Los Angeles, CA 90017-5844<br>Tel: (213) 243-4000<br>Fax: (213) 243-4199<br>john.lombardo@arnoldporter.com<br><br>Diana E. Reiter<br>250 West 55th Street<br>New York, NY 10019-9710<br>Tel: (212) 836-8000<br>Fax: (212) 836-8689<br>diana.reiter@arnoldporter.com |
| Defendants-Appellants Phillips 66 and Phillips 66 Company | LATHAM & WATKINS LLP<br>Sean M. Berkowitz<br>330 N. Wabash Avenue, Suite 2800<br>Chicago, IL 60611<br>Telephone: (312) 876-7700 |

| | |
|---|---|
| | Email: sean.berkowitz@lw.com<br><br>LATHAM & WATKINS LLP<br>Nicole C. Valco<br>Katherine A. Rouse<br>505 Montgomery Street, Suite 2000<br>San Francisco, CA 94111-6538<br>Telephone: (415) 391-0600<br>Email: nicole.valco@lw.com<br>Email: katherine.rouse@lw.com |
| Defendants-Appellants ConocoPhillips and ConocoPhillips Company | WILMER CUTLER PICKERING HALE AND DORR LLP<br>Hallie B. Levin<br>7 World Trade Center<br>250 Greenwich Street<br>New York, NY 10007<br>Telephone: (212) 230-8800<br>E-mail: hallie.levin@wilmerhale.com<br><br>Matthew T. Martens<br>2100 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20037<br>Telephone: (202) 663-6000<br>E-mail: matthew.martens@wilmerhale.com<br><br>Robert Kingsley Smith<br>60 State Street<br>Boston, MA 02109<br>Telephone: (617) 526-6000<br>E-mail: robert.smith@wilmerhale.com<br><br>MASSEY & GAIL LLP<br>Constance Grieves<br>Suyash Agrawal<br>50 East Washington<br>Suite 400<br>Chicago, IL 60602<br>(312) 809-0183<br>Email: cgrieves@masseygail.com<br>sagrawal@masseygail.com |
| Defendants-Appellants Shell plc (f/k/a Royal Dutch Shell plc), Shell USA, Inc. (f/k/a Shell Oil Company), and Shell Oil Products Company LLC | K&L GATES LLP<br>Nicole C. Mueller<br>Kenn Brotman<br>70 West Madison Street<br>Suite 3300 |

| | |
|---|---|
| | Chicago, Illinois 60602<br>Telephone: (312) 372-1211<br>nicole.mueller@klgates.com<br>kenn.brotman@klgates.com |
| Defendants-Appellants Exxon Mobil Corporation and ExxonMobil Oil Corporation | JOHNSON & BELL, LTD.<br>H. Patrick Morris<br>David F. Fanning<br>Danielle Austriaco<br>33 W. Monroe St., Suite 2700<br>Chicago, IL 60603<br>(312) 372-0770 (main)<br>morrisp@jbltd.com<br>fanningd@jbltd.com<br>austriacod@jbltd.com<br><br>PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP<br>Theodore V. Wells, Jr.<br>Email: twells@paulweiss.com<br>Daniel J. Toal<br>Email: dtoal@paulweiss.com<br>Yahonnes Cleary<br>Email: ycleary@paulweiss.com<br>Caitlin Grusauskas<br>Email: cgrusauskas@paulweiss.com<br>1285 Avenue of the Americas<br>New York, NY 10019-6064<br>Tel: (212) 373-3000 |
| Defendant-Appellant American Petroleum Institute | MCGUIREWOODS LLP<br>Patrick P. Clyder<br>77 West Wacker Drive<br>Suite 4100<br>Chicago, IL 60601-1818<br>Telephone: (312) 750-8668<br>pclyder@mcguirewoods.com<br><br>Jeremiah J. Anderson<br>845 Texas Avenue, 24th Floor<br>Houston, TX 77002-2906<br>Telephone: (713) 571-9191<br>jjanderson@mcguirewoods.com<br><br>Brian D. Schmalzbach<br>800 East Canal Street |

|  | Richmond, VA 23219-3916<br>Telephone: (804) 775-4746<br>bschmalzbach@mcguirewoods.com |
|---|---|

ıll UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CITY OF CHICAGO,

        Plaintiff,

v.

BP P.L.C., *et al.*,

        Defendants.

No. 24-cv-02496

Judge Franklin U. Valderrama

**MEMORANDUM OPINION AND ORDER**

Climate change and its causes is one of the most divisive issues of our time. For some, the burning of fossil fuels is the primary cause of climate change. Municipalities in recent years have sought to hold fossil fuel companies liable for the costs associated with climate change. In this case, the City of Chicago (the City) sued oil companies BP P.L.C., BP America Inc., BP Products North America Inc., Chevron Corporation, Chevron U.S.A. Inc., ConocoPhillips Company, ConocoPhillips, Phillips 66 Company, Phillips 66, Exxon Mobil Corporation, ExxonMobil Oil Corporation, Shell Oil Products Company LLC, Shell PLC, Shell USA, Inc., and their primary trade organization, the American Petroleum Institute (collectively Defendants) in state court, alleging that they misrepresented and concealed information about their fossil fuel products in violation of numerous state laws and various state common laws. *See generally* R. 1-1, Compl. [1] Defendants removed the case to this Court

---

[1] Citations to the docket are indicated by "R." followed by the docket number or filing name, and, where necessary, a page or paragraph citation.

pursuant to 28 U.S.C. § 1442, 28 U.S.C. §§ 1331 and 1441(a). R. 1, NOR. The City moves to remand the case to state court. R. 66, Mot. Remand. For the reasons that follow, the Court grants the City's motion to remand.

## Background[2]

The City alleges that, for decades the fossil fuel industry has misled consumers and the public about climate change. Compl. ¶ 1. Major members of the fossil industry have known for decades that fossil fuels are the primary cause of climate change. *Id.* ¶ 2. The fossil fuel industry knew that, if unabated, climate change could result in catastrophic impacts, including droughts, floods, and severe weather events that would impose enormous harms on cities such as Chicago. *Id.* Rather than warn of these harms, Defendants "mounted a disinformation campaign beginning as early as the 1970s to discredit the burgeoning scientific consensus on climate change . . . ." *Id.* ¶ 6. Defendants "misrepresented and concealed the hazards of fossil fuel products to deceive consumers and the public about the consequences of everyday use of fossil fuel products . . . while knowing the dangers associated with them." *Id.* ¶ 9. Defendants' conduct "drove fossil fuel consumption and delayed the transition to a lower-carbon future." *Id.* This caused, from the City's perspective, "an enormous, foreseeable, and avoidable increase in anthropogenic GHG emissions and accelerated global warming, bringing devastating consequences to the City and its people." *Id.*

---

[2]In considering a motion to remand, the Court "assumes the truth of the operative complaint's allegations at the time of removal, but may also consider facts set forth in the notice of removal." *Curry v. Boeing Co.*, 542 F. Supp. 3d 804, 808 (N.D. Ill. 2021) (cleaned up).

The City sued Defendants in state court asserting causes of action against all Defendants for: strict products liability, failure to warn (Count I); negligent products liability, failure to warn (Count II); negligence (Count III); public nuisance (Count IV); private nuisance (Count V); nuisance violations of MCC § 7-28-030 (Count VI); civil conspiracy (Count VII); unjust enrichment (Count VIII); consumer fraud in violation of MCC § 2-25-090 (count IX); misrepresentations in connection with sale or advertisement of merchandise in violation of MCC §§ 4-276-470, *et seq.* (Count X); and recovery of City costs in violation of MCC § 1-20-020 (Count XI). Compl. Defendants removed the case to this Court based upon 28 U.S.C. §§ 1331, 1441(a), and 1442. NOR. The City moves to remand the case back to state court, arguing that the Court lacks subject matter jurisdiction. The Court agrees.

## Legal Standard

Federal courts are courts of limited jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). A case may only be brought in federal court when such a cause of action arises under a federal question, 28 U.S.C. § 1331, or where there is diversity of citizenship and an amount-in-controversy exceeding $75,000, *id.* § 1332(a); *see Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437–38 (2019). A defendant may remove to federal court any action filed in state court that "could have been brought originally in federal court." 28 U.S.C. § 1441(a); *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2000). "The party seeking removal has the burden of establishing federal jurisdiction." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). "Courts should interpret the

removal statute narrowly and presume that the plaintiff may choose his or her forum." *Doe v. Allied–Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993).

## Analysis

Defendants assert that the Court has subject matter jurisdiction pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a)(1) and federal common law. However, the City argues, and the Court agrees, that Defendants have abandoned their contention that the Court has jurisdiction based on federal common law, as this argument is relegated to a footnote in their response.[3] *See* R. 87, Resp. at 2–3 n.2. *Evergreen Square of Cudahy v. Wisconsin Hous. & Econ. Dev. Auth.*, 848 F.3d 822, 829 (7th Cir. 2017) ("A party may waive an argument by presenting it only in an undeveloped footnote.") (citing *United States v. Warner*, 792 F.3d 847, 856 (7th Cir. 2015); *Harmon v. Gordon*, 712 F.3d 1044, 1053 (7th Cir. 2013)); *see also Sanders v. JGWPT Holdings, Inc.*, 2016 WL 4009941, at *10 (N.D. Ill. July 26, 2016) ("Arguments in footnotes are typically waived."); J. Valderrama Standing Order, Memorandum of Law Requirements ("Generally, the Court will not consider substantive arguments contained in footnotes."). That is especially true where Defendants bear the burden of establishing federal jurisdiction—they have not met that burden based on the arguments included in their cursory footnote. Therefore, the Court limits its analysis to jurisdiction under the federal officer removal statute.

---

[3]Additionally, at oral argument held on February 5, 2025 (R. 112), counsel for the defense stated that the Court only needs to consider the federal officer removal, and need not consider removal pursuant to federal common law.

4

The federal officer removal statute permits a defendant to remove to federal court a state court action, if the action is against "[t]he United States or an agency thereof" or a federal officer. 28 U.S.C. § 1442(a)(1); *Raoul v. 3M Co.*, 111 F. 4th 846, 848 (7th Cir. 2024). Federal officer removal is proper "when 'the defendant (1) is a person within the meaning of the statute, (2) is acting under the United States, its agencies, or its officers, (3) is acting under color of federal authority, and (4) has a colorable federal defense.'" *Baker v. Atl. Richfield Co.*, 962 F.3d 937, 941 (7th Cir. 2020) (quoting *Betzner v. Boeing Co.*, 910 F.3d 1010, 1015 (7th Cir. 2018)). Generally, courts interpret removal statutes narrowly. *See Watson v. Phillip Morris Cos.*, 551 U.S. 142, 147 (2007). Such is not the case, however, when it comes to the federal officer removal statute. In that case, courts construe the federal officer removal statute liberally, not strictly. *Betzner*, 910 F.3d at 1014.

The City argues that the case should be remanded to state court because Defendants do not satisfy the elements of the federal officer removal statute. Specifically, the City advances four arguments for remand: (1) the City does not seek any relief for injuries arising from Defendants' supplying specialized fuels to the federal government for military and national defense purposes; (2) Defendants were not acting under the direction or control of federal officers during any of the activities Defendants cite as grounds for removal; (3) the City does not seek to hold Defendants liable for any act that Defendants allegedly took at the behest of a federal officer; and (4) Defendants have not pled a colorable federal defense. R. 66-1, Memo. Remand at

5

5–6. The City points out that eight courts of appeals have rejected Defendants'
removal attempts in similar cases. *Id.* at 1.

Predictably, Defendants disagree, arguing that they have satisfied each
element of the federal officer removal statute. Resp. According to Defendants, it
matters not that other circuits have remanded similar cases based on similar
arguments, since Seventh Circuit authority, and specifically *Baker v. Atl. Richfield
Co.*, 962 F.3d 937 (7th Cir. 2020) is binding on this Court and is dispositive. *Id.* at 2.
Because many of Defendants' arguments are based on *Baker*, the Court briefly
summarizes that case here and then addresses its applicability to specific arguments
in its analysis.

In *Baker,* the plaintiffs, former residents of a housing complex, sued in state
court several companies that manufactured industrial materials at a refinery that
previously stood on the same land as the complex. The plaintiffs alleged that the
defendants polluted the soil in and around their housing complex, exposing plaintiffs
to hazardous substances like lead and arsenic. 962 F.3d at 939. The defendants
removed the case to federal court under the federal officer removal statute, on the
basis that the government directed the defendants or their predecessors to produce
certain materials for the military, supervised the distribution of these goods, and
controlled their ultimate usages. 962 F.3d at 939–41. The plaintiffs moved to remand
the case to state court, which the district court granted, finding that the defendants
acted under color of federal office for only a portion of the time covered by the
plaintiffs' claims. 962 F.3d at 940.

The Seventh Circuit reversed. The court explained that "where a private contractor helps the Government to produce an item that it needs, the assistance that private contractors provide federal officers goes beyond simple compliance with the law and helps officers fulfill other basic governmental tasks." *Baker*, 962 F.3d at 942 (cleaned up).[4] The court found that the defendants conducted wartime operations under federal authority by producing chemicals that the government would have otherwise had to manufacture and because the government used the chemicals to conduct a war. *Id.* at 942–43. Thus, the defendants "acted under federal authority" when manufacturing those chemicals. *Id.* at 943.

The court then turned to whether the conduct alleged in the complaint related to "acts for or relating to" federal authority. That is, whether there was a causal connection between the charged conduct and asserted federal authority. *Baker*, 962 F.3d at 943. The court rejected the plaintiffs' contention that the defendants failed to show that their injuries were caused by the defendants' wartime production for the government because the plaintiffs mistakenly were demanding "an airtight case on the merits in order to show the required causal connection." *Id*. The court reminded that Supreme Court "jurisprudence teaches that the policy in favor of federal officer removal should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1)." *Id.* (cleaned up). The court found that Congress, in amending the federal officer removal statute in 2011, "broadened federal officer removal to actions,

---

[4]This Order uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

not just *causally* connected, but alternatively *connected* or *associated*, with acts under color of federal office." *Id.* (emphases in original) (cleaned up). Accordingly, the Seventh Circuit abandoned the "causal connection" test and "join[ed] all the courts of appeals that have replaced causation with connection and expressly adopt[ed] that standard as [its] own." *Id.* at 944. When viewed under that lens, the defendants did not need to allege that the complained-of-conduct itself was at the behest of a federal agency. *Id.* It is enough for the "acting under" test that the allegations are directed at the relationship between the defendant and the federal government. *Id.* at 945. The court concluded that the parties' dispute over whether the plaintiffs' injuries arose from products the defendants manufactured for the government was a causation question that federal courts can resolve. *Id.*

Keeping *Baker* in mind, the Court addresses each of the City's arguments below.

## I.    Disclaimer of Injuries

As a preliminary matter, the City argues that "[m]any of Defendants' removal arguments are irrelevant because the Complaint expressly 'disclaims injuries . . . arising from Defendants' provision of non-commercial, specialized fossil fuel products to the federal government for military and national defense purposes.'" Memo. Remand at 6 (quoting Compl. ¶ 11). That is, the Complaint, from the City's point of view, does not place Defendants' sales of specialized military fuels at issue. *Id.* Courts, asserts the City, grant motions to remand where the plaintiff expressly disclaims the claims upon which the federal officer removal was based. *Id.* (citing, *inter alia,*

*Kelleher v. A.W. Chesterton Co.*, 2015 WL 7422756, at *2 (S.D. Ill. Nov. 23, 2015); *Reinbold v. Advanced Auto Parts, Inc.*, 2018 WL 3036026, at *2 (S.D. Ill. June 19, 2018)).

Defendants counter that the City's disclaimer of injuries argument is foreclosed by *Baker*. Resp. at 27. As for *Kelleher* and *Reinbold*, those cases, from Defendants' perspective, are distinguishable as they pre-date *Baker*. *Id.* at 28. And, in a notice of supplemental authority, Defendants point to a more recent Seventh Circuit case, *People ex rel. Raoul v. 3M Co.*, 111 F.4th 846, 849 (7th Cir. 2024) and a First Circuit case that relied in part on *3M*, *Gov't of Puerto Rico v. Express Scripts*, *Inc.*, 119 F.4th 174, 192–93 (1st Cir. 2024). R. 97, Defs.' Suppl. Auth.

In *Baker*, in a footnote, the Seventh Circuit addressed and rejected the plaintiffs' purported disclaimer as it contradicted their theory of liability. 962 F.3d at 945 n.3. The plaintiffs purported to disclaim that their lawsuit was about one of the defendant's manufacture of Freon-12 for the government, but because the defendant alleged that its Freon-12 production resulted in waste streams containing lead and arsenic waste, two of the main toxins the plaintiffs claimed harmed them, the court found that the plaintiffs "could not have it both ways." *Id.* Put another way, the Seventh Circuit did not allow the plaintiffs to seek damages for certain types of pollution, while simultaneously disclaiming those same types of pollution for jurisdictional purposes.

In *3M*, like *Baker*, the plaintiffs alleged violations of several Illinois environmental statutes, as well as common law claims, against a company that

produces numerous chemical products in its manufacturing operations. 111 F.4th at 849. The plaintiffs' suit was not premised on any misrepresentations made by the company. The Seventh Circuit agreed with the district court that the plaintiffs' disclaimer—that it would not seek relief against the company for mixed contamination, that is, contamination arising from private and government-contracted conduct—brought the disclaimer outside the scope of the disclaimer in *Baker*, and prevented the defendant from raising a colorable federal contractor defense. *Id.* The plaintiff in *Express Scripts* alleged that defendants "schemed to unlawfully inflate insulin prices through rebate negotiations and price setting." 119 F.4th at 179. Similar to the plaintiffs in *3M*, the plaintiff sought to evade federal jurisdiction by disclaiming any "relief relating to any federal program . . . or any contract related to a federal program." *Id.* at 189. However, the First Circuit found that it was impossible to divide the defendant's negotiations over rebates and prices over insulin between "federal and non-federal work to enforce the disclaimer," and thus, crediting the defendant's theory of the case, the disclaimer did not foreclose colorable federal defenses. *Id.* at 192–93.

Here, the City states in its Complaint that it "hereby disclaims injuries arising on federal property and those arising from Defendants' provisions of non-commercial, specialized fossil fuel products to the federal government for military and national defense purposes. [The City] seeks no recovery or relief attributable to these injuries." Compl. ¶ 11 n.6. The Court agrees with the City that neither *Baker*, *3M*, nor *Express Scripts* render the City's disclaimer ineffective. R. 93, Reply at 5–6; R. 99, Pl. Resp.

Suppl. Auth. Unlike in *Baker*, where, as discussed above, there was a contradiction between the plaintiffs' attempt to both recover from lead and arsenic contamination but also disclaim government-controlled production of some of that contamination, here, there is no contradiction between the City's disclaimer and its deception-focused theory of liability. Reply at 5. Indeed, as counsel for the City acknowledged during oral argument, the City's disclaimer, to an extent, is "redundant" because the causes of action brought by the City do not go to the conduct carved out in the disclaimer. As the Third Circuit stated in *City of Hoboken v. Chevron Corp.* about a materially identical disclaimer, "the disclaimers are no ruse . . . [the plaintiffs] carve out a small island that would needlessly complicate their cases." 45 F.4th 699, 713 (3d Cir. 2022); *see also City of Annapolis, Maryland v. BP P.L.C.*, 2022 WL 4548226, at *8 (D. Md. Sept. 29, 2022), *aff'd sub nom. Anne Arundel Cnty., Maryland v. BP P.L.C.*, 94 F.4th 343 (4th Cir. 2024)).

Finally, Defendants are correct that the Court must credit a defendant's "reasonable" theory of the case. *Baker*, 962 F.3d at 947. The Supreme Court has stated that "federal officers 'should have the opportunity to present their version of the facts' on disputes at the heart of their federal service to a federal court." *Express Scripts*, 119 F.4th at 189 (quoting *Willingham v. Morgan*, 395 U.S. 402, 409 (1969)). However, a defendant cannot simply offer "*any* theory of the case, however untethered to the claims of Plaintiffs, because this Court must 'credit' that theory," as doing so "would completely ignore the requirement that there must be a causal connection with the plaintiff's claims." *City & Cnty. of Honolulu v. Sunoco LP*, 2021 WL 531237, at *7 (D.

11

Haw. Feb. 12, 2021) *(Honolulu I)*, *aff'd*, 39 F.4th 1101 (9th Cir. 2022) (emphasis in original). As the City points out, the Seventh Circuit found that the plaintiff-State's disclaimer made the federal contractor defense "wholly irrelevant under the *State's* theory of recovery" in *3M*. Pl. Resp. Suppl. Auth. at 2 (citing *3M Co.*, 111 F.4th at 849 (emphasis added)). Here, the City's claims are based on Defendants' alleged deceptive and misleading campaign minimizing the dangers of fossil fuel consumption, so there is no contradiction with the City's disclaimer regarding Defendants' provision of fossil fuels to the government for military and national defense purposes.

Even if Defendants were correct that the City's disclaimer is invalid, however, the Court nonetheless agrees with the City that they fail to satisfy other requirements of federal officer removal, as discussed below.

## II.    Federal Officer Elements

Briefly, as stated above, federal officer removal is proper "when the defendant (1) is a person within the meaning of the statute, (2) is acting under the United States, its agencies, or its officers, (3) is acting under color of federal authority, and (4) has a colorable federal defense." *Baker*, 962 F.3d at 941. Starting with the first element, the City does not contend that Defendants, all corporations, are not persons under § 1442(a). No matter, as the Court finds that Defendants easily satisfy the first element for federal officer removal. *Ruppel v. CBS Corp.*, 701 F.3d 1176, 1181 (7th Cir. 2012) (Congress did not exclude corporations as "persons" under § 1442(a)).

Instead, the City maintains that Defendants do not satisfy the remaining elements for federal officer removal. The Court addresses each in turn.

### A. Acting Under Federal Officers

The second element, the "acting under" requirement, looks to the relationship between the defendant seeking to remove the case and the United States, its agencies, or its officers. *Roberts v. Smith & Wesson Brands, Inc.*, 2023 WL 6213654, at *5 (N.D. Ill. Sept. 25, 2023) (*Roberts I*), *aff'd,* 98 F.4th 810 (7th Cir. 2024). This element includes situations where the federal government uses a private corporation to achieve an end it would have otherwise used its own agents to complete. *Ruppel*, 701 F.3d at 1181. "Acting under" covers situations where defendants work "hand-in-hand with the federal government to achieve a task that furthers an end of the federal government." *Id*. Similarly, this element is satisfied where the government enlists a private party in "'an effort to *assist*, or to help *carry out*, the federal superior's duties or tasks.'" *Id.* (quoting *Watson*, 551 U.S. at 152 (emphases in original)). Defendants insist that they were "acting under" federal officers when they engaged in several activities, detailed briefly below.

First, Defendants contend that they acted under federal officers by repeatedly performing critical and necessary functions for the U.S. military to further national defense. NOR ¶ 22. More specifically, that they acted under federal officers when they produced aviation fuel gas or "avgas" and operated petroleum infrastructure, particularly during World War II and the Korean War. *Id.* ¶¶ 29, 31. Second, Defendants maintain that they "continue to produce and supply large quantities of

13

highly specialized fuels that are required to conform to exact DOD specifications" to the military to this day. Resp. at 12; NOR ¶¶ 45–55. Third, Defendants contend that removal is appropriate because of the role of Standard Oil of California, a Chevron predecessor, in operating Elk Hills Reserve in California. NOR ¶ 59. The Elk Hills Reserve was a petroleum reserve created in 1912 intended to preserve oil in the ground for national emergencies. *Id.* ¶ 58. Standard Oil, note Defendants, operated the U.S. Navy's portion of the oil reserve according to an Operating Agreement which specified that Standard Oil was "*in the employ of the Navy Department* and [was] responsible to the Secretary thereof." *Id.* ¶ 70 (emphasis in NOR). Standard Oil, insist Defendants, operated Elk Hills under the "subjection, guidance, or control" of the Navy. *Id.* ¶ 72 (quoting *Watson*, 551 U.S. at 151).

Fourth, Defendants assert that they acted under federal officers "by producing oil and gas pursuant to the federal mineral exploitation and production regime created by the Outer Continental Shelf Lands Act." NOR ¶¶ 82–109. The federal government, according to Defendants, "retained the power to direct how oil and gas resources would be extracted and sold from the [Outer Continental Shelf (OCS)]." *Id.* ¶ 82. Fifth, and finally, in response to the 1970's oil embargoes, Congress created the Strategic Petroleum Reserve to reduce the impact of disruptions in supplies of petroleum products. *Id.* ¶ 117. Defendants insist that they acted under federal officers by supplying federally owned oil for gas and managing the Strategic Petroleum Reserve for the government. *Id.* ¶¶ 119–20. The federal government,

assert Defendants, required certain Defendants or their predecessors to pay royalties in kind, which the government used for its strategic stockpile. *Id.* ¶ 120.

The City takes issue with each of Defendants' activities for which they claim they acted under federal authority, raising four primary arguments that pertain to some or all of the activities. The Court addresses each in turn.

As an initial matter, the City contends—and the Court agrees, as explained above—that the City's disclaimer excludes injuries caused by Defendants' production of avgas during World War II and the Korean War, as well as sales of specialized, non-commercial fuels to the military at any time. Memo. Remand at 6–8; Reply at 5. So too with Defendants' interactions with the Strategic Petroleum Reserve. Memo. Remand at 13 (citing *Hoboken*, 45 F.4th at 713).

The City also argues that none of the above-listed activities demonstrate federal control because they were not closely controlled by the government, but rather demonstrate "the story of a narrow business relationship," and which other courts, including several appellate courts, have found to be insufficient to show the requisite "subjection, guidance, or control" required for the "acting under" element. Memo. Remand at 11–12; Reply at 14–15 (citing, *inter alia*, *Mayor & City Council of Baltimore v. BP P.L.C.*, 31 F.4th 178, 235–38 (4th Cir. 2022); *City & Cnty. of Honolulu v. Sunoco LP*, 39 F.4th 1101, 1109 (9th Cir. 2022) *(Honolulu II)*); *see also* Memo. Remand at 9 (citing *Cnty. of San Mateo v. Chevron Corp.*, 32 F.4th 733, 757 (9th Cir. 2022) ("a person is not 'acting under' a federal officer when the person enters into an arm's-length business arrangement with the federal government or supplies it with

widely available commercial products or services."); *Roberts v. Smith & Wesson Brands, Inc.*, 98 F.4th 810, 814 (7th Cir. 2024) (*Roberts II*) ("[A] business *might be* 'acting under' a federal officer if the officer commanded it or contracted with it to produce *a particular item in a specified way*.") (emphasis in brief); Memo. Remand at 9–16. Additionally, argues the City, Defendants simply complied with federal laws, rules, and regulations when they executed the listed activities, which is insufficient to constitute acting under a federal officer. Memo. Remand at 8–9 (citing, *inter alia*, *Kelly v. Martin & Bayley, Inc.*, 503 F.3d 584, 588 (7th Cir. 2007)); *id.* at 9–16. In support of its contentions that Defendants' activities are merely arms-length transactions or constitute compliance with federal rules, the City cites to numerous out-of-Circuit cases that have rejected similar arguments and exhibits raised by Defendants. *See, e.g.*, *id.* at 11–12; Reply at 14–15 (citing, *inter alia*, *Mayor & City Council of Baltimore*, 31 F.4th at 235–38; *Honolulu II*, 39 F.4th at 1109).

Defendants retort that under *Baker*, their activities satisfy the acting-under standard. That is, Defendants' fuel production and sales activities were done according to "detailed specifications," under federal "compulsion," and subject to "continuous federal supervision"—which, Defendants argue, suffices to meet the acting-under standard under *Baker*. Resp. at 6–7 (quoting *Baker*, 962 F.3d at 943). Additionally, posit Defendants, much of the activity, including their supply of specialized fuel to meet Department of Defense demands, would have had to be performed by the Government in the absence of the contracts with Defendants. *Id.* at 13 (citing *Baker*, 962 F.3d at 942). As discussed above, the Court finds that the City's

disclaimer forecloses Defendants' reliance on the provision of specialized fuels to the military. If the disclaimer were not effective, however, the Court finds that Defendants' argument has merit.

The City's reliance on out-of-Circuit cases is insufficient on this point, as the Court agrees with Defendants that the Seventh Circuit adopted a broader interpretation of the "acting under" standard in *Baker* than other Circuits have applied. For example, the Fourth Circuit in *Mayor & City Council of Baltimore v. BP P.L.C.*, rejected the defendants' argument that they acted under federal officials when it "helped the Government to produce an item that it needs" by selling fuel for resale on Navy bases, as "such logic would bring every seller of contracted goods and services within the ambit of § 1442 when the government is a customer." 31 F.4th at 230 (citing *Watson*, 551 U.S. at 153). As Defendants point out, however, *Baker*'s holding is more encompassing, in that it found that the defendants' sale to the government of materials it needed for war efforts *was* sufficient to satisfy the acting under requirement. Resp. at 16 (citing *Baker*, 962, F.3d at 942). The City's citation to *Roberts* does not change that analysis. Reply at 14. In *Roberts*, the Seventh Circuit cited to *Watson* in support of the proposition that "a business might be 'acting under' a federal officer if the officer commanded it or contracted with it to produce a particular item in a specified way." 98 F.4th at 814. But the defendant in *Roberts* did not contend that the government directed it to make a weapon at all, let alone for any wartime purpose.

No matter, because the Court agrees with the City that, not only does the disclaimer foreclose the above argument, but also the timing of certain activities and the relationship of the activities to the crux of the City's claims do not support a finding that Defendants were acting under a federal official. Specifically, the City argues that Defendants' activities during World War II and the Korean War cannot justify federal officer removal because Defendants' activities during those wars predate the deceptive conduct alleged in the Complaint. Memo. Remand at 14 (citing *Anne Arundel*, 94 F.4th at 349; *State by Tong v. Exxon Mobil Corp.*, 83 F.4th 122, 144 (2d Cir. 2023)). Similarly, the City posits that Standard Oil of California's status as the operator of the Elk Hills petroleum reserve does not preclude remand, as it "precedes and bears no relationship to Defendants' charged conduct." Reply at 15. Defendants respond that the fact that these activities pre-date the alleged disinformation campaign, is of no moment because "the emissions from these wartime periods are indistinguishable from and cumulative with all later emissions." Resp. at 12.

The City correctly points out that several circuit courts have rejected similar arguments—and declarations cited in support—raised by Defendants. *See* Reply at 10. As the United States Court of Appeals for the District of Columbia recently noted in a similar case:

> But the District does not allege the Companies acted unlawfully until the late 1980s, and none of the alleged misrepresentations bears any relationship to the sale or production of military fuels in the mid-20th century. There is simply no relationship between actions taken by the Companies' predecessors in the

1940s and 1950s and the allegedly deceptive statements made by the Companies about climate change since 1980.

*D.C. v. Exxon Mobil Corp.*, 89 F.4th 144, 156 (D.C. Cir. 2023); *see also Anne Arundel Cnty.*, 94 F.4th at 349 (same).

The Court finds this reasoning persuasive. Here, the City's Complaint does not take aim at Defendants' *production* of fossil fuels during World War II or the Korean War for that matter. Instead, the Complaint takes issue with Defendants' alleged *campaign of deception and misrepresentation* in the 1980s of the dangers of fossil fuel vis-à-vis the environment. The fact that Defendants acted under the federal government by operating and managing government-owned and/or government-funded petroleum production facilities is of no import. Unlike the claims in *Baker*, this case is about Defendants' alleged misrepresentations; not their work with or on behalf of the government that led to or contributed to fossil fuel emissions.

So too with Defendants' more recent activities, involving the "extraction of gasoline or operation of energy infrastructure, either under federal regulations or via commercial relationships with the federal government." *Anne Arundel*, 94 F.4th at 349. As discussed in more detail below, the Court agrees with the Fourth Circuit's analysis that Defendants' activities involving "fossil fuel production rather than concealment or misrepresentation of information about fossil fuel products," cannot support the acting under element because "those activities fail to show the required relatedness," and the defendants did "not argue the federal government required them to market or describe their products in a certain way." *Id.* Similarly, Defendants in this case do not argue that the government required them to market their products

in any specific way. For the foregoing reasons, the Court agrees with the City that Defendants fail to satisfy the acting under element of federal officer removal.

## B. Relation to Charged Conduct to Acting under Color of Federal Authority

The third element requires that the gravamen of the claim against Defendants occur while they acted under color of federal authority. "[T]his requirement is distinct from the 'acting under' requirement in the same way a bona fide federal officer could not remove a trespass suit that occurred while he was taking out the garbage—there must be a causal connection between the charged conduct and asserted official authority." *Ruppel*, 701 F.3d at 1181 (cleaned up).

Defendants argue that the City's claims are "for or relating to" acts Defendants performed under color of office. NOR ¶ 128. To satisfy this element, assert Defendants, there need only be a "connection or association with acts under federal office." *Id.* (quoting *Baker*, 962 F.3d at 943) (cleaned up). It is not necessary, argue Defendants, that the complained-of conduct itself was at the behest of a federal agency. *Id.* ¶ 130; Resp. at 21. In *Baker*, point out Defendants, the Seventh Circuit held that it was "enough for the present purposes of removal that *at least some* of the pollution arose from the federal acts." Resp. at 21 (quoting 962 F.3d at 945) (emphasis in brief). From Defendants' perspective, here, as in *Baker*, the only environmental harms are those caused by emissions arising from acts undertaken at the direction of federal officers. *Id.* Along the same lines, posit Defendants, "[p]roduction and consumption are integral components of [the City's] alleged causal theory," such as the City's allegations that Defendants' extraction and sale of fossil fuel products have

led to an increase in greenhouse gas emissions, which have caused devastating climate change impacts to the City. *Id.* at 22 (citing Compl. ¶¶ 1, 4). The Court cannot, argue Defendants, allow the City to evade federal jurisdiction by focusing just on Defendants' alleged deception (the complained-of conduct), and not on the production, sale, and consumption of oil and gas producing emissions (the alleged mechanism of injury), as doing so would improperly "elevate form over substance and allow parties to evade" federal court. *Id.* at 23 (quoting *Aetna Health Inc. v. Davila*, 542 U.S. 200, 214 (2004) and citing *Jarbough v. Att'y Gen. of U.S.*, 483 F.3d 184, 189 (3d Cir. 2007); *Cnty. Bd. of Arlington Cnty. v. Express Scripts Pharmacy, Inc.*, 996 F.3d 243, 256 (4th Cir. 2021)). At bottom, the Court must examine the "gravamen" of the Complaint and set "aside any attempts at artful pleading." *Id.* at 22 (quoting *Fry v. Napoleon Cmty. Sch.*, 580 U.S. 154, 169 (2017) and citing *OBB Personenverkehr AG v. Sachs*, 577 U.S. 27, 35 (2015)).

The City counters that Defendants misread *Baker*'s statement that federal-officer removal does not require "that the complained-of conduct *itself* was at the behest of a federal agency." Reply at 7 (quoting *Baker,* 962 F.3d at 944). The way the City sees it, this statement is simply another way to say that federal-officer removal does not require a strict "causal connection" between a defendant's charged conduct and federal authority, but rather a non-causal "connection or association" will suffice. *Id.* Indeed, the Seventh Circuit made clear that the focus remains on whether there is a "connection or association" between the charged conduct (i.e., "the challenged

act") and federal authority. *Id.* (citing *Baker*, 962 F.3d at 944–45 (quotations omitted)).

As for the other cases cited by Defendants, the City argues that they are inapposite. In *Frye*, the Supreme Court analyzed whether the plaintiff's claims were subject to the Individuals with Disabilities Education Act's administrative exhaustion requirement, and in that context, "explained that 'the gravamen of a complaint' was defined by the 'conduct that violated' the law, not by the 'nature' of a plaintiff's injuries." Resp. at 7–8 (quoting 580 U.S. at 169–71, 174). And in *Sachs*, the Supreme Court construed an exception to the Foreign Sovereign Immunities Act, not the federal-officer removal statute, and did not address the phrase "for or relating to." *Id.* at 7 (citing 577 U.S. at 35). None of the other cases cited by Defendants are even close to being on-point, as none address federal-officer removal. *See id.* at 8. As for Defendants' contention that the City engages in "artful pleading," the City posits that that exception to the well-pleaded complaint rule pertains only to federal-question jurisdiction, which Defendants have waived. *Id.* at 8 (citing *Burda v. M. Ecker Co.*, 954 F.2d 434, 440 (7th Cir. 1992); *Hoboken*, 45 F.4th at 713 ("Artful pleading disguises federal claims as state ones. Yet here, there are no federal claims to disguise.")).

The Court agrees with the City that *Baker* does not stand for the proposition that federal officer removal may be based on a relation to a plaintiff's injuries rather than to the claims themselves. So, as stated above in relation to the City's disclaimer, the Court agrees with the City and out-of-Circuit cases addressing substantially

similar claims and arguments that the nexus element does not authorize Defendants to rewrite the City's claims into something they are not. Resp. at 9 (citing *Honolulu I*, 2021 WL 531237, at *7 ("[I]f Defendants had it their way, they could assert any theory of the case, however untethered to the claims of Plaintiffs, because this Court must 'credit' that theory"); *Delaware v. BP Am., Inc.*, 578 F. Supp. 3d 618, 636 n.21 (D. Del. 2022) (rejecting Defendants' "misunderst[anding]" that "the Court must credit their 'theory of the case'")). Accordingly, the Court finds that the charged conduct is insufficiently connected to any acts taken by Defendants under federal authority to support federal officer removal.

### C. Colorable Defense

The fourth and final element for federal officer removal is the existence of a colorable defense. Defendants must establish that they have a "colorable" federal defense to the City's claims. This requirement "not only satisfies Article III jurisdiction, [but] also encapsulates Congress's desire to have federal defenses litigated in federal forums." *Ruppel*, 701 F.3d at 1182. Defendants assert that they have several colorable defenses to the City's claims: the government contractor defense, preemption, federal immunity, NOR ¶ 141, as well as the Interstate and Foreign Commerce Clause, the Supremacy Clause, the Due Process Clause, and the foreign affairs doctrine, *id.* ¶ 144. The City argues that none have merit.

#### 1. Government Contractor Defense

As the Seventh Circuit explained in *Baker*, "[t]he government contractor defense, developed in *Boyle v. United Technologies Corp.*, [487 U.S. 500, 511–12, 108

23

S.Ct. 2510, 101 L.Ed.2d 442 (1988),] immunizes government contractors from state tort law when the government had a hand in a defendant's allegedly defective design." *Baker*, 962 F.3d at 946–47 (cleaned up). The "defense applies where (1) the federal government approved reasonably precise specifications, (2) the manufactured equipment conformed to the government's specifications, and (3) the contractor warned the federal government about the equipment's dangers that were unknown to the government." *Id.* (cleaned up).

Defendants maintain that they produced oil and gas at the direction of the federal government and thus have a colorable argument that they are immune from liability for any alleged injuries resulting therefrom. NOR ¶ 142. *Baker*, from Defendants' perspective, demonstrates that the government contractor defense is applicable here. *Id.* ¶ 143.

The City contends that, not only has it disclaimed injuries relating to the military sales of specialized fuels, but also the federal contractor defense has nothing to do with the Complaint. Resp. at 19; Reply at 17–18. For the same reasons discussed above, the Court agrees that the federal contractor defense is unavailable to Defendants based on the City's disclaimer, and importantly, the fact that Defendants do not allege that the government ordered their allegedly deceptive acts. *See Honolulu II*, 39 F. 4th at 1110 (rejecting government contractor defense as there was no allegation that government ordered deceptive conduct).

### 2. Remaining Defenses

As for Defendants' remaining alleged defenses, the City argues that these defenses are inapplicable as "they have nothing to do with the actions Defendants claim they took under federal direction." Memo. Remand at 19. Again, the Court agrees. As the City correctly notes, the defenses do not arise from any official duties.

## III. Request for Fees

The City requests that the Court award it fees and costs under 28 U.S.C. § 1447(c), due to Defendants' "objectively baseless removal arguments" that have been soundly rejected by myriad courts, including courts of appeal in eight different circuits. Memo. Remand at 3, 30. Predictably, Defendants disagree, taking the position that they raise "numerous meritorious grounds for removal." Resp. at 29. True, as the City points out, most of Defendants' arguments and exhibits are recycled and have been rejected by every out-of-Circuit court to consider them. Still, the Court cannot say, in the face of *Baker*, that Defendants "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Although the Court finds *Baker* distinguishable in relevant part, and therefore disagrees with Defendants that it precludes removal, Defendants' arguments based on *Baker* were reasonable, such that the Court finds that an award of attorneys' fees would be improper. *See id.*

## Conclusion

For the foregoing reasons, the Court grants the City's Motion to Remand [66] in part and denies it in part. It grants it in part, in that the case is remanded and the

Clerk's Office is directed to remand this case to the Circuit Court of Cook County,

Illinois immediately. It denies it in part, in that the Court declines to award the City

fees and expenses.


Date: 5/16/2025

_United States District Judge_
Franklin U. Valderrama

APPEAL,KIM,TERMED

# United States District Court
## Northern District of Illinois - CM/ECF NextGen 1.8 (rev. 1.8.3) (Chicago)
## CIVIL DOCKET FOR CASE #: 1:24-cv-02496
## Internal Use Only

City of Chicago v. BP P.L.C. et al
Assigned to: Honorable Franklin U. Valderrama
Case in other court: Circuit Court of Cook County, Illinois,
              2024CH01024
Cause: 28:1441 Petition for Removal- Product Liability

Date Filed: 03/27/2024
Date Terminated: 05/16/2025
Jury Demand: Defendant
Nature of Suit: 240 Real Property: Torts to
Land
Jurisdiction: Federal Question

**Plaintiff**

**City of Chicago**

represented by **Rebecca Alfert Hirsch**
City of chicago
30 N. LaSalle St
Suite 1230
Chicago, IL 60602
(312) 742-0260
Fax: Not a member
Email: rebecca.hirsch2@cityofchicago.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen J Kane**
City of Chicago
121 N. LaSalle Street
Room 600
Chicago, IL 60602
(312) 744-6934
Fax: Not a member
Email: Stephen.Kane@cityofchicago.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adam J. Levitt**
DiCello Levitt Gutzler LLC
Ten North Dearborn Street
Sixth Floor
Chicago, IL 60602
(312) 214-7900
Fax: Not a member
Email: alevitt@dicellolevitt.com
*ATTORNEY TO BE NOTICED*

**Anna Claire Skinner**
DiCello Levitt LLC
Ten North Dearborn Street
Floor Six
Chicago, IL 60602

(889)
Fax: Pro Hac Vice
Email: askinner@dicellolevitt.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Anna Claire Skinner**
DiCello Levitt Gutzler LLC
10 N Dearborn Street
Sixth Floor
Chicago, IL 60602
(312) 214-7900
Fax: Pro Hac Vice
Email: askinner@dicellolevitt.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Chelsey Blaire Metcalf**
City Of Chicago Law Department
121 N. Lasalle St.
Suite 600
Chicago, IL 60602
(312) 744-9484
Fax: Active
Email: chelsey.metcalf@cityofchicago.org
*ATTORNEY TO BE NOTICED*

**Daniel Rock Flynn**
DiCello Levitt Gutzler LLC
Ten North Dearborn Str.
Sixth Floor
Chicago, IL 60602
312-214-7900
Fax: Active
Email: dflynn@dicellolevitt.com
*ATTORNEY TO BE NOTICED*

**Matthew K. Edling**
Sher Edling LLP
100 Montgomery Street
Suite 1410
San Francisco, CA 94104
(628) 231-2520
Fax: Pro Hac Vice
Email: matt@sheredling.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Paul Stephan**
Sher Edling LLP
100 Montgomery Street
Suite 1410
San Francisco, CA 94104
(628) 231-2516

Fax: Pro Hac Vice
Email: paul@sheredling.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Victor M. Sher**
Sher Edling LLP
100 Montgomery Street
Suite 1410
San Francisco, CA 94104
(628) 231-2510
Fax: Pro Hac Vice
Email: vic@sheredling.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.
**Defendant**

**BP P.L.C.**                    represented by **Diana E. Reiter**
Arnold & Porter Kaye Scholar LLP
250 W 55th Street
New York, NY 10019
(212) 836-8000
Fax: Pro Hac Vice
Email: Diana.Reiter@arnoldporter.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**George D Sax**
Scharf Banks Marmor LLC
30 West Hubbard Street
Suite 500
Chicago, IL 60654
312-726-6000
Email: gsax@scharfbanks.com
*ATTORNEY TO BE NOTICED*

**John D. Lombardo**
Arnold & Porter
777 South Figueroa Street
44th Floor
Los Angeles, CA 90017
(213)243-4000
Fax: Not a member
Email: John.Lombardo@arnoldporter.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jonathan W Hughes**
Arnold & Porter Kaye Scholer LLP
Three Embarcadero Center
10th Floor

San Francisco, CA 94111
(415) 471-3156
Fax: Pro Hac Vice
Email: jonathan.hughes@arnoldporter.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stephanie Ann Scharf**
Scharf Banks Marmor LLC
333 West Wacker Drive
Suite 450
Chicago, IL 60606
(312) 726-6000
Fax: Active
Email: sscharf@scharfbanks.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**BP America Inc.**                    represented by    **Diana E. Reiter**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**George D Sax**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John D. Lombardo**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jonathan W Hughes**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stephanie Ann Scharf**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**BP Products North America Inc.**     represented by    **Diana E. Reiter**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**George D Sax**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John D. Lombardo**
(See above for address)
*PRO HAC VICE*

*ATTORNEY TO BE NOTICED*

**Jonathan W Hughes**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stephanie Ann Scharf**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Chevron Corporation**                    represented by **Christopher Lee Schaeffer**
Riley Safer Holmes & Cancila LLP
1 South Dearborn Street
Suite 2200
Chicago, IL 60603
312-471-8678
Fax: 312-471-8701
Email: cschaeffer@rshc-law.com
*ATTORNEY TO BE NOTICED*

**Joshua David Dick**
Gibson, Dunn & Crutcher LLP
Suite 3000
555 Mission Street
San Francisco, CA 94105
(415) 393-8331
Fax: Pro Hac Vice
Email: JDick@gibsondunn.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lauren Elizabeth Jaffe**
Riley Safer Holmes & Cancila LLP
1 South Dearborn Street
Suite 2200
Chicago, IL 60603
614-439-5680
Email: LJaffe@rshc-law.com
*ATTORNEY TO BE NOTICED*

**Patricia Brown Holmes**
Riley Safer Holmes & Cancila LLP
1 South Dearborn Street
Suite 2200
Chicago, IL 60603
312-471-8745
Fax: 312-471-8701
Email: pholmes@rshc-law.com
*ATTORNEY TO BE NOTICED*

**Ronald S. Safer**
Riley Safer Holmes & Cancila LLP

1 South Dearborn Street
Suite 2200
Chicago, IL 60603
847-738-1505
Email: rsafer@rshc-law.com
*ATTORNEY TO BE NOTICED*

**Theodore Joseph Boutrous , Jr.**
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071
213-229-7804
Fax: 213-229-6804
Email: tboutrous@gibsondunn.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Thomas G. Hungar**
Gibson, Dunn & Crutcher
1050 Connecticut Avenue, N.W.
N.W. Washington, DC 20036-5306
(202) 887-3784
Fax: Pro Hac Vice
Email: thungar@gibsondunn.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**William E. Thomson**
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue|
54th Floor
Los Angeles, CA 90071
(213) 229-7891
Fax: Not a member
Email: WThomson@gibsondunn.com
*ATTORNEY TO BE NOTICED*

**Defendant**

Chevron U.S.A. Inc.                    represented by **Christopher Lee Schaeffer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua David Dick**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lauren Elizabeth Jaffe**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Patricia Brown Holmes**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ronald S. Safer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Theodore Joseph Boutrous , Jr.**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Thomas G. Hungar**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**William E. Thomson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**ConocoPhillips Company**                    represented by   **Constance Grieves**
Massey & Gail Llp
50 East Washington
Suite 400
Chicago, IL 60602
(312) 809-0183
Fax: Not a member
Email: cgrieves@masseygail.com
*ATTORNEY TO BE NOTICED*

**Katherine Ann Rouse**
Latham & Watkins LLP
505 Montgomery Street
Suite 2000
San Francisco, CA 94025
(213) 485-1234
Fax: Pro Hac Vice
Email: katherine.rouse@lw.com
*TERMINATED: 01/27/2025*
*PRO HAC VICE*

**Nicole C. Valco**
Latham & Watkins LLP
505 Montgomery Street
Suite 2000
San Francisco, CA 94205
(213) 485-1234
Fax: Pro Hac Vice
Email: nicole.valco@lw.com
*TERMINATED: 01/27/2025*
*PRO HAC VICE*

**Robert Kingsley Smith**
Wilmer Cutler Pickering Hale And Dorr Llp

60 State Street
Boston, MA 02109
(617) 526-6759
Fax: Not a member
Email: robert.smith@wilmerhale.com
*ATTORNEY TO BE NOTICED*

**Sean M. Berkowitz**
Latham & Watkins LLP
330 N. Wabash Avenue
Suite 2800
Chicago, IL 60611
(312) 876-7700
Fax: Active
Email: sean.berkowitz@lw.com
*TERMINATED: 01/27/2025*

**Suyash Agrawal**
Massey & Gail LLP
50 E Washington Street
Suite 400
Chicago, IL 60602
(312)379-0949
Fax: Active
Email: sagrawal@masseygail.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**ConocoPhillips**                    represented by **Constance Grieves**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Katherine Ann Rouse**
(See above for address)
*TERMINATED: 01/27/2025*
*PRO HAC VICE*

**Nicole C. Valco**
(See above for address)
*TERMINATED: 01/27/2025*
*PRO HAC VICE*

**Robert Kingsley Smith**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ryanne E Perio**
Wilmer Cutler Pickering Hale And Dorr Llp
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 295-6325
Fax: Not a member
Email: ryanne.perio@wilmerhale.com

**Sean M. Berkowitz**
(See above for address)
*TERMINATED: 01/27/2025*

**Suyash Agrawal**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Phillips 66 Company**                represented by    **Kailen M. Malloy**
Latham & Watkins LLP
505 Montgomery Street
Suite 2000
San Francisco, CA 94111
(415) 391-0600
Fax: Pro Hac Vice
Email: kailen.malloy@lw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Katherine Ann Rouse**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Nicole C. Valco**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sean M. Berkowitz**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Phillips 66**                represented by    **Kailen M. Malloy**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Katherine Ann Rouse**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Nicole C. Valco**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sean M. Berkowitz**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Exxon Mobil Corporation**                    represented by   **Caitlin Grusauskas**
Paul, Weiss, Rifkind, Wharton & Garrison
LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3000
Fax: Pro Hac Vice
Email: cgrusauskas@paulweiss.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Daniel J. Toal**
Paul, Weiss, Rifkind, Wharton & Garrison
LLP
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3869
Fax: Pro Hac Vice
Email: dtoal@paulweiss.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Danielle E. Austriaco**
Johnson & Bell
Toxic Torts
33 W. Monroe St
Ste 2700
Chicago, IL 60603
312-984-0288
Email: austriacod@jbltd.com
*ATTORNEY TO BE NOTICED*

**David Francis Fanning**
Johnson & Bell, Ltd.
33 West Monroe Street
Suite 2700
Chicago, IL 60603
(312)372-07709
Fax: Not a member
Email: fanningd@jbltd.com
*ATTORNEY TO BE NOTICED*

**Howard Patrick Morris**
Johnson & Bell, Ltd.
33 West Monroe Street
Suite 2700
Chicago, IL 60603
(312) 984-0244
Fax: Active
Email: morrisp@jbltd.com

*ATTORNEY TO BE NOTICED*

**Theodore V Wells, jr.**
Paul Weiss Rifkind Wharton & Garrison Llp
1285 Avenue Of The Americas
New York, NY 10019
(212) 373-3000
Fax: Pro Hac Vice
Email: twells@paulweiss.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Yahonnes S Cleary**
Paul Weiss Rifkind Wharton & Garrison
LLP
1285 Avenue of the Americas
New York, NY 10026
(212) 373-3300
Fax: Pro Hac Vice
Email: ycleary@paulweiss.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**ExxonMobil Oil Corporation**               represented by   **Caitlin Grusauskas**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Daniel J. Toal**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Danielle E. Austriaco**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Francis Fanning**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Howard Patrick Morris**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Theodore V Wells, jr.**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Yahonnes S Cleary**
(See above for address)

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Shell Oil Products Company LLC**          represented by   **Abraham Tabaie**
Debevoise & Plimpton LLP
650 California Street
San Francisco, CA 94108
(415) 738-5700
Fax: Pro Hac Vice
Email: aatabaie@debevoise.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Daniel S Severson**
Kellogg, Hansen, Todd, Figel & Frederick,
P.L.L.C.
1615 M Street NW
Suite 400
Washington, DC 20036
(202) 326-7900
Fax: Pro Hac Vice
Email: dseverson@kellogghansen.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David C. Frederick**
Kellogg, Hansen, Todd, Figel & Frederick,
P.L.L.C.
1615 M Street, NW
Suite 400
Washington, DC 20036
(202) 326-7900
Fax: Pro Hac Vice
Email: dfrederick@kellogghansen.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David Sarratt**
Debevoise & Plimpton LLP
650 California Street
San Francisco, CA 94108
(415) 738-5700
Fax: Pro Hac Vice
Email: dsarratt@debevoise.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Elizabeth Costello**
Debevoise & Plimpton LLP
650 California Street, FL 31
San Francisco, CA 94108
(415) 738-5700
Fax: Pro Hac Vice

Email: ccostello@debevoise.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**James McCormick Webster , III**
Kellogg, Hansen, Todd, Figel & Frederick,
P.L.L.C.
1615 M Street, NW
Suite 400
Washington, DC 20036
(202) 326-7900
Fax: Pro Hac Vice
Email: jwebster@kellogghansen.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Josh A. Cohen**
Debevoise & Plimpton LLP
650 California Street FL 31
San Francisco, CA 94108
(415) 738-5700
Fax: Pro Hac Vice
Email: jacohen@debevoise.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kenn Brotman**
K&L Gates LLP
70 W. Madison Street
Suite 3100
Chicago, IL 60602
312-807-4277
Fax: Not a member
Email: kenn.brotman@klgates.com
*ATTORNEY TO BE NOTICED*

**Nicole Claire Mueller**
K&l Gates Llp
70 West Madison
Suite 3100
Chicago, IL 60602
(312) 372-1121
Fax: Not a member
Email: nicole.mueller@klgates.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Shell PLC**                    represented by **Abraham Tabaie**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Daniel S Severson**
(See above for address)

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David C. Frederick**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David Sarratt**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Elizabeth Costello**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**James McCormick Webster , III**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Josh A. Cohen**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kenn Brotman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nicole Claire Mueller**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Shell USA, Inc.**                    represented by **Abraham Tabaie**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Daniel S Severson**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David C. Frederick**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David Sarratt**
(See above for address)

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Elizabeth Costello**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**James McCormick Webster , III**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Josh A. Cohen**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kenn Brotman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nicole Claire Mueller**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**American Petroleum Institute**                 represented by   **Brian David Schmalzbach**
McGuireWoods LLP
800 East Canal Street
Richmond, VA 23219
804-775-4746
Fax: 804-698-2304
Email: bschmalzbach@mcguirewoods.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Elizabeth M. Thomas**
Mcguirewoods Llp
201 North Tryon Street
Charlotte, NC 28202
704-373-8060
Fax: Not a member
Email: ethomas@mcguirewoods.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jeremiah Johnson Anderson**
McGuireWoods LLP
845 Texas Avenue, Suite 2400
Suite 2400
Houston, TX 77002
832-255-6339
Fax: 713-571-9652

Email: jjanderson@mcguirewoods.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Patrick Paul Clyder**
McGuireWoods LLP
77 West Wacker Drive
Suite 4100
Chicago, IL 60601
312 750 8668
Fax: Active
Email: Pclyder@mcguirewoods.com
*ATTORNEY TO BE NOTICED*

**Movant**

**Tarek Farag**                    represented by **Tarek Farag**
411 N. Warwick Ave
Westmont, IL 60559
630 709 3965
Email: tarekfaragusa@hotmail.com
*(Inactive)*
PRO SE

| Date Filed | # | Docket Text |
|---|---|---|
| 03/28/2024 | 1 | NOTICE of Removal from Circuit Court of Cook County, Illinois, case number (2024CH01024) filed by Chevron Corporation, Chevron U.S.A. Inc. Filing fee $ 405, receipt number AILNDC-21792822. (Attachments: # 1 Exhibit 1, # 2 Declaration of Joshua D. Dick, # 3 Exhibit 1 to Dick Declaration, # 4 Exhibit 2 to Dick Declaration, # 5 Exhibit 3 to Dick Declaration, # 6 Exhibit 4 to Dick Declaration, # 7 Exhibit 5 to Dick Declaration, # 8 Exhibit 6 to Dick Declaration, # 9 Exhibit 7 to Dick Declaration, # 10 Exhibit 8 to Dick Declaration, # 11 Exhibit 9 to Dick Declaration, # 12 Exhibit 10 to Dick Declaration, # 13 Exhibit 11 to Dick Declaration, # 14 Exhibit 12 to Dick Declaration, # 15 Exhibit 13 to Dick Declaration, # 16 Exhibit 14 to Dick Declaration, # 17 Exhibit 15 to Dick Declaration, # 18 Exhibit 16 to Dick Declaration, # 19 Exhibit 17 to Dick Declaration, # 20 Exhibit 18 to Dick Declaration, # 21 Exhibit 19 to Dick Declaration, # 22 Exhibit 20 to Dick Declaration, # 23 Exhibit 21 to Dick Declaration, # 24 Exhibit 22 to Dick Declaration, # 25 Exhibit 23 to Dick Declaration, # 26 Exhibit 24 to Dick Declaration)(Holmes, Patricia) (Entered: 03/28/2024) |
| 03/28/2024 | 2 | EXHIBIT by Defendants Chevron Corporation, Chevron U.S.A. Inc. / *Exhibits 25-48 to Dick Declaration* regarding notice of removal,,,, 1 (Attachments: # 1 Exhibit 26 to Dick Declaration, # 2 Exhibit 27 to Dick Declaration, # 3 Exhibit 28 to Dick Declaration, # 4 Exhibit 29 to Dick Declaration, # 5 Exhibit 30 to Dick Declaration, # 6 Exhibit 31 to Dick Declaration, # 7 Exhibit 32 to Dick Declaration, # 8 Exhibit 33 to Dick Declaration, # 9 Exhibit 34 to Dick Declaration, # 10 Exhibit 35 to Dick Declaration, # 11 Exhibit 36 to Dick Declaration, # 12 Exhibit 37 to Dick Declaration, # 13 Exhibit 38 to Dick Declaration, # 14 Exhibit 39 to Dick Declaration, # 15 Exhibit 40 to Dick Declaration, # 16 Exhibit 41 to Dick Declaration, # 17 Exhibit 42 to Dick Declaration, # 18 Exhibit 43 to Dick Declaration, # 19 Exhibit 44 to Dick Declaration, # 20 Exhibit 45 to Dick Declaration, # 21 Exhibit 46 to Dick Declaration, # 22 Exhibit 47 to |

| | | |
|---|---:|---|
| | | Declaration, # [2] Exhibit 48 to Dick Declaration)(Holmes, Patricia) (Main Document 2 replaced on 10/16/2024) (td, ). (Attachment 2 replaced on 10/16/2024) (td, ). (Entered: 03/28/2024) |
| 03/28/2024 | 3 | EXHIBIT by Defendants Chevron Corporation, Chevron U.S.A. Inc. *Exhibits 49-72 to Dick Declaration* regarding notice of removal,,,, [1] (Attachments: # [1] Exhibit 50 to Dick Declaration, # [2] Exhibit 51 to Dick Declaration, # [3] Exhibit 52 to Dick Declaration, # [4] Exhibit 53 to Dick Declaration, # [5] Exhibit 54 to Dick Declaration, # [6] Exhibit 55 to Dick Declaration, # [7] Exhibit 56 to Dick Declaration, # [8] Exhibit 57 to Dick Declaration, # [9] Exhibit 58 to Dick Declaration, # [10] Exhibit 59 to Dick Declaration, # [11] Exhibit 60 to Dick Declaration, # [12] Exhibit 61 to Dick Declaration, # [13] Exhibit 62 to Dick Declaration, # [14] Exhibit 63 to Dick Declaration, # [15] Exhibit 64 to Dick Declaration, # [16] Exhibit 65 to Dick Declaration, # [17] Exhibit 66 to Dick Declaration, # [18] Exhibit 67 to Dick Declaration, # [19] Exhibit 68 to Dick Declaration, # [20] Exhibit 69 to Dick Declaration, # [21] Exhibit 70 to Dick Declaration, # [22] Exhibit 71 to Dick Declaration, # [23] Exhibit 72 to Dick Declaration)(Holmes, Patricia) (Entered: 03/28/2024) |
| 03/28/2024 | 4 | EXHIBIT by Defendants Chevron Corporation, Chevron U.S.A. Inc. *Exhibits 73-96 to Dick Declaration* regarding notice of removal,,,, [1] (Attachments: # [1] Exhibit 74 to Dick Declaration, # [2] Exhibit 75 to Dick Declaration, # [3] Exhibit 76 to Dick Declaration, # [4] Exhibit 77 to Dick Declaration, # [5] Exhibit 78 to Dick Declaration, # [6] Exhibit 79 to Dick Declaration, # [7] Exhibit 80 to Dick Declaration, # [8] Exhibit 81 to Dick Declaration, # [9] Exhibit 82 to Dick Declaration, # [10] Exhibit 83 to Dick Declaration, # [11] Exhibit 84 to Dick Declaration, # [12] Exhibit 85 to Dick Declaration, # [13] Exhibit 86 to Dick Declaration, # [14] Exhibit 87 to Dick Declaration, # [15] Exhibit 88 to Dick Declaration, # [16] Exhibit 89 to Dick Declaration, # [17] Exhibit 90 to Dick Declaration, # [18] Exhibit 91 to Dick Declaration, # [19] Exhibit 92 to Dick Declaration, # [20] Exhibit 93 to Dick Declaration, # [21] Exhibit 94 to Dick Declaration, # [22] Exhibit 95 to Dick Declaration, # [23] Exhibit 96 to Dick Declaration)(Holmes, Patricia) (Entered: 03/28/2024) |
| 03/28/2024 | 5 | CIVIL Cover Sheet (Holmes, Patricia) (Entered: 03/28/2024) |
| 03/28/2024 | 6 | ATTORNEY Appearance for Defendants Chevron Corporation, Chevron U.S.A. Inc. by Patricia Brown Holmes (Holmes, Patricia) (Entered: 03/28/2024) |
| 03/28/2024 | 7 | ATTORNEY Appearance for Defendants Chevron Corporation, Chevron U.S.A. Inc. by Ronald S. Safer (Safer, Ronald) (Entered: 03/28/2024) |
| 03/28/2024 | 8 | ATTORNEY Appearance for Defendants Chevron Corporation, Chevron U.S.A. Inc. by Lauren Elizabeth Jaffe (Jaffe, Lauren) (Entered: 03/28/2024) |
| 03/28/2024 | 9 | ATTORNEY Appearance for Defendants Chevron Corporation, Chevron U.S.A. Inc. by Christopher Lee Schaeffer (Schaeffer, Christopher) (Entered: 03/28/2024) |
| 03/28/2024 | | CASE ASSIGNED to the Honorable Franklin U. Valderrama. Designated as Magistrate Judge the Honorable Young B. Kim. Case assignment: Random assignment. (Civil Category 3). (vkm, ) (Entered: 03/28/2024) |
| 03/28/2024 | 10 | ATTORNEY Appearance for Defendant ConocoPhillips by Ryanne E Perio (Perio, Ryanne) (Entered: 03/28/2024) |
| 03/29/2024 | 11 | MINUTE entry before the Honorable Franklin U. Valderrama: On or before 06/11/2024, the parties shall file a joint initial status report. A template for the Joint Initial Status Report, setting forth the information required, may be found at |

http://www.ilnd.uscourts.gov/Judges.aspx by clicking on Judge Valderrama's name and then again on the link entitled 'Joint Initial Status Report. The removing party must serve this Minute Entry on all other parties. If the opposing party has not been served with notice pursuant to 28 U.S.C. § 1446(d) by that date, the removing party's counsel is instructed to file an individual status report indicating the status of notice of removal by the same deadline. The parties are further ordered to review all of Judge Valderrama's standing orders and the information available on his webpage. Any nongovernmental corporate party that qualifies under the Rules is reminded of the requirement to file a disclosure statement under Federal Rule of Civil Procedure 7.1/N.D. Ill. Local Rule 3.2. Emailed notice (axc). (Entered: 03/29/2024)

| 03/29/2024 | 12 | MAILED Notice of Removal letter to counsel of record (lm, ) (Entered: 03/29/2024) |
|---|---|---|
| 03/29/2024 | | CLERK'S NOTICE: Pursuant to Local Rule 73.1(b), a United States Magistrate Judge of this court is available to conduct all proceedings in this civil action. If all parties consent to have the currently assigned United States Magistrate Judge conduct all proceedings in this case, including trial, the entry of final judgment, and all post-trial proceedings, all parties must sign their names on the attached Consent To form. This consent form is eligible for filing only if executed by all parties. The parties can also express their consent to jurisdiction by a magistrate judge in any joint filing, including the Joint Initial Status Report or proposed Case Management Order. (lm, ) (Entered: 03/29/2024) |
| 03/29/2024 | 13 | ATTORNEY Appearance for Plaintiff City of Chicago by Chelsey Blaire Metcalf (Metcalf, Chelsey) (Entered: 03/29/2024) |
| 03/29/2024 | 14 | ATTORNEY Appearance for Plaintiff City of Chicago by Adam J. Levitt (Levitt, Adam) (Entered: 03/29/2024) |
| 03/29/2024 | 15 | ATTORNEY Appearance for Plaintiff City of Chicago by Daniel Rock Flynn (Flynn, Daniel) (Entered: 03/29/2024) |
| 03/29/2024 | 16 | ATTORNEY Appearance for Defendants BP America Inc., BP Products North America Inc. by Stephanie Ann Scharf (Scharf, Stephanie) (Entered: 03/29/2024) |
| 03/29/2024 | 17 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by BP America Inc. (Scharf, Stephanie) (Entered: 03/29/2024) |
| 03/29/2024 | 18 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by BP Products North America Inc. (Scharf, Stephanie) (Entered: 03/29/2024) |
| 03/29/2024 | 19 | ATTORNEY Appearance for Defendants ConocoPhillips, ConocoPhillips Company, Phillips 66, Phillips 66 Company by Sean M. Berkowitz (Berkowitz, Sean) (Entered: 03/29/2024) |
| 04/01/2024 | 20 | ATTORNEY Appearance for Defendants Shell Oil Products Company LLC, Shell USA, Inc. by Kenn Brotman (Brotman, Kenn) (Entered: 04/01/2024) |
| 04/01/2024 | 21 | ATTORNEY Appearance for Defendants Shell Oil Products Company LLC, Shell USA, Inc. by Nicole Claire Mueller (Mueller, Nicole) (Entered: 04/01/2024) |
| 04/01/2024 | 22 | ATTORNEY Appearance for Defendants BP America Inc., BP Products North America Inc. by George D Sax (Sax, George) (Entered: 04/01/2024) |
| 04/01/2024 | 23 | ATTORNEY Appearance for Defendant American Petroleum Institute by Patrick Paul Clyder (Clyder, Patrick) (Entered: 04/01/2024) |

| 04/01/2024 | 24 | ATTORNEY Appearance for Defendants Exxon Mobil Corporation, ExxonMobil Oil Corporation by Howard Patrick Morris (Morris, Howard) (Entered: 04/01/2024) |
|---|---|---|
| 04/01/2024 | 25 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by Exxon Mobil Corporation, ExxonMobil Oil Corporation (Morris, Howard) (Entered: 04/01/2024) |
| 04/01/2024 | 26 | MOTION by Defendants Chevron Corporation, Chevron U.S.A. Inc. to set a briefing schedule *(Joint Motion Regarding Motion to Remand Briefing)* (Holmes, Patricia) (Entered: 04/01/2024) |
| 04/01/2024 | 27 | ATTORNEY Appearance for Defendants Exxon Mobil Corporation, ExxonMobil Oil Corporation by David Francis Fanning (Fanning, David) (Entered: 04/01/2024) |
| 04/01/2024 | 28 | ATTORNEY Appearance for Defendants Exxon Mobil Corporation, ExxonMobil Oil Corporation by Danielle E. Austriaco (Austriaco, Danielle) (Entered: 04/01/2024) |
| 04/02/2024 | 29 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by Shell Oil Products Company LLC, Shell USA, Inc. *and Corporate Disclosure Statement* (Mueller, Nicole) (Entered: 04/02/2024) |
| 04/03/2024 | 30 | MINUTE entry before the Honorable Franklin U. Valderrama: For the reasons stated in the motion, the Court grants the parties' joint motion regarding motion to remand briefing 26 . As described in more detail in the accompanying order, Plaintiff's Motion to Remand is due by 5/16/2024; Defendants' response is due by 7/1/2024; Plaintiff's reply is due by 7/31/2024. The brief in support of Plaintiff's Motion to Remand and Defendants' response shall not exceed 30 pages, and any Reply shall not exceed 18 pages. No Defendant is required to file an Answer or Motion to Dismiss or otherwise respond to the Complaint before the Court's order on Plaintiff's Motion to Remand. If the Court denies Plaintiff's Motion to Remand, Defendants shall file any Motions to Dismiss within 60 days of an Order denying the Motion to Remand. The Parties shall also promptly meet and confer regarding an appropriate briefing schedule and plan for Oppositions and Replies and page limits for Motions to Dismiss briefing and will endeavor to jointly submit a proposal to the Court within 10 days of the Court's order denying Plaintiff's Motion to Remand. If the Parties are not able to agree on a proposed briefing schedule, they shall submit separate proposals to the Court. In the event the Court denies Defendants' Motions to Dismiss, in whole or in part, Defendants' answers shall be due within 60 days of the Court's denial of the last of the Motions. No presently unserved defendant will be required to file an Answer or Motion to Dismiss or otherwise respond to the Complaint before the deadlines specified for Defendants herein. The deadline to serve Rule 26(a) Initial Disclosures and the issuance of a Rule 16(b) Scheduling Order shall be stayed until after the Court has ruled on the Motion to Remand. Mailed notice (mjc, ) (Entered: 04/03/2024) |
| 04/03/2024 | 31 | MINUTE entry before the Honorable Franklin U. Valderrama: The Court sets a telephonic status hearing for 4/9/2024 at 2:30 p.m. The call-in number is (888) 808-6929 and the access code is 5348076. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice (mjc, ) (Entered: 04/03/2024) |
| 04/04/2024 | 32 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by Phillips 66, Phillips 66 Company *and Corporate Disclosure Statement* (Berkowitz, Sean) (Entered: |

| 04/04/2024 | 33 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC-21821168. (Valco, Nicole) (Entered: 04/04/2024) |
|---|---|---|
| 04/04/2024 | 34 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC-21821216. (Rouse, Katherine) (Entered: 04/04/2024) |
| 04/04/2024 | 35 | CERTIFICATE of Service by Patricia Brown Holmes on behalf of Chevron Corporation, Chevron U.S.A. Inc. (Holmes, Patricia) (Entered: 04/04/2024) |
| 04/04/2024 | 36 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by Chevron Corporation, Chevron U.S.A. Inc. *Disclosure Statement* (Holmes, Patricia) (Entered: 04/04/2024) |
| 04/04/2024 | 37 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by ConocoPhillips, ConocoPhillips Company *and Corporate Disclosure Statement* (Perio, Ryanne) (Entered: 04/04/2024) |
| 04/04/2024 | 38 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by Chevron Corporation, Chevron U.S.A. Inc. *(Corrected)* (Holmes, Patricia) (Entered: 04/04/2024) |
| 04/05/2024 | 39 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC-21825098. (Stephan, Paul) (Entered: 04/05/2024) |
| 04/05/2024 | 40 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC-21825168. (Edling, Matthew) (Entered: 04/05/2024) |
| 04/05/2024 | 41 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC-21825209. (Sher, Victor) (Entered: 04/05/2024) |
| 04/05/2024 | 42 | MINUTE entry before the Honorable Franklin U. Valderrama: Attorneys Nicole C. Valco and Katherine A. Rouse's motions for leave to appear pro hac vice 33 , 34 are granted. Mailed notice. (kp, ) (Entered: 04/05/2024) |
| 04/05/2024 | 43 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC-21827407. (Skinner, Anna) (Entered: 04/05/2024) |
| 04/05/2024 | 44 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC-21828418. (Dick, Joshua) (Entered: 04/05/2024) |
| 04/05/2024 | 45 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC-21828430. (Boutrous, Theodore) (Entered: 04/05/2024) |

| 04/08/2024 | 46 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC-21829773. (Wells, jr., Theodore) (Entered: 04/08/2024) |
|---|---|---|
| 04/08/2024 | 47 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC-21829850. (Toal, Daniel) (Entered: 04/08/2024) |
| 04/08/2024 | 48 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC-21829874. (Cleary, Yahonnes) (Entered: 04/08/2024) |
| 04/08/2024 | 49 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC-21829902. (Grusauskas, Caitlin) (Entered: 04/08/2024) |
| 04/08/2024 | 50 | ATTORNEY Appearance for Plaintiff City of Chicago by Stephen J Kane (Kane, Stephen) (Entered: 04/08/2024) |
| 04/08/2024 | 51 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC-21831532. (Reiter, Diana) (Entered: 04/08/2024) |
| 04/08/2024 | 52 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC-21831653. (Lombardo, John) (Entered: 04/08/2024) |
| 04/08/2024 | 53 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC-21831708. (Hughes, Jonathan) (Entered: 04/08/2024) |
| 04/09/2024 | 54 | MINUTE entry before the Honorable Franklin U. Valderrama: Attorneys Paul Stephan, Matthew K. Edling, Victor M. Sher, Anna Claire Skinner, Joshua D. Dick, Theodore J. Boutrous Jr., Theodore V. Wells, Jr., Daniel J. Toal, Yahonnes Cleary, Caitlin Grusauskas' motions for leave to appear pro hac vice 39 , 40 , 41 , 43 , 44 , 45 , 46 , 47 , 48 , 49 are granted. Mailed notice. (kp, ) (Entered: 04/09/2024) |
| 04/09/2024 | 55 | MINUTE entry before the Honorable Franklin U. Valderrama: Telephonic status hearing held on 4/9/2024. Counsel for Plaintiff City of Chicago, Defendants BP America, Inc., BP Products North America Inc., Chevron Corporation, Chevron U.S.A., Inc., ConocoPhillips Company, ConocoPhillips, Phillips 66 Company, Phillips 66, Exxon Mobil Corporation, ExxonMobil Oil Corporation, Shell Oil Products Company LLC, Shell USA, Inc., and American Petroleum Institute appeared telephonically. Counsel for the Plaintiff reports to the Court, that it is effectuating service on the two remaining Defendants, BP P.L.C. and Shell PLC, which are international entities. As stated on the record, minute orders will be entered granting all pending Motions for Leave to Appear Pro Hac Vice. As fully disclosed on the record, one of the attorneys for Plaintiff City of Chicago, Chelsey Metcalf, was a former law clerk for Judge Valderrama over a year ago. The Court's perspective is that fact does not affect the Court's impartially for purposes of presiding over this matter. Given the disclosure, the Court asked the if any parties |

| | | had any issues, and all parties stated on the record that they did not have any questions or issues at that time. The parties are free to make any filing they deem appropriate, given this disclosure. Emailed notice. (cdh, ) (Entered: 04/09/2024) |
|---|---|---|
| 04/09/2024 | 56 | MINUTE entry before the Honorable Franklin U. Valderrama: Attorneys Diana E. Reiter, John D. Lombardo, and Jonathan W. Hughes' motions for leave to appear pro hac vice 51 , 52 , 53 are granted. Emailed notice. (cdh, ) (Entered: 04/09/2024) |
| 04/10/2024 | | SUMMONS Issued as to Defendants BP P.L.C., Shell PLC (axk, ) (Entered: 04/10/2024) |
| 04/11/2024 | 57 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC-21848203.<br><br>(Anderson, Jeremiah) (Entered: 04/11/2024) |
| 04/12/2024 | 58 | MINUTE entry before the Honorable Franklin U. Valderrama: Attorney Jeremiah J. Anderson's motion for leave to appear pro hac vice 57 is granted. Mailed notice. (kp, ) (Entered: 04/12/2024) |
| 04/12/2024 | 59 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC-21852312.<br><br>(Schmalzbach, Brian) (Entered: 04/12/2024) |
| 04/17/2024 | 60 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC-21865127.<br><br>(Hungar, Thomas) (Entered: 04/17/2024) |
| 04/18/2024 | 61 | MINUTE entry before the Honorable Franklin U. Valderrama: Attorneys Brian Schmalzbach and Thomas G. Hungar's motion for leave to appear pro hac vice 59 , 60 is granted. Mailed notice. (kp, ) (Entered: 04/18/2024) |
| 04/19/2024 | 62 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC-21873968.<br><br>(Thomson, William) (Entered: 04/19/2024) |
| 04/22/2024 | 63 | MINUTE entry before the Honorable Franklin U. Valderrama: Attorney William E. Thomson's motion for leave to appear pro hac vice 62 is granted. Mailed notice. (kp, ) (Entered: 04/22/2024) |
| 05/03/2024 | 64 | CERTIFICATE of Service *OF COMPLAINT AND SUMMONS* by Daniel Rock Flynn on behalf of City of Chicago (Attachments: # 1 Exhibit A, # 2 Exhibit B) (Flynn, Daniel) (Entered: 05/03/2024) |
| 05/06/2024 | 65 | SUMMONS Returned Executed by City of Chicago as to BP P.L.C. on 4/12/2024, answer due 5/3/2024; Shell PLC on 4/12/2024, answer due 5/3/2024. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Flynn, Daniel) (Entered: 05/06/2024) |
| 05/16/2024 | 66 | MOTION by Plaintiff City of Chicago to remand *to State Court*<br><br>(Attachments: # 1 Plaintiff's Brief ISO its Motion to Remand)(Edling, Matthew) (Entered: 05/16/2024) |
| 06/07/2024 | 67 | ATTORNEY Appearance for Defendant Shell PLC by Nicole Claire Mueller (Mueller, Nicole) (Entered: 06/07/2024) |

| | | |
|---|---|---|
| 06/07/2024 | 68 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by Shell Oil Products Company LLC, Shell PLC, Shell USA, Inc. *(Corporate Disclosure Statement and Notification of Affiliates of Shell PLC and Corrected Corporate Disclosure Statement and Notificaton of Affiliates of Shell Oil Products Company LLC and Shell USA, Inc.)* (Mueller, Nicole) (Entered: 06/07/2024) |
| 06/07/2024 | 69 | ATTORNEY Appearance for Defendant Shell PLC by Kenn Brotman (Brotman, Kenn) (Entered: 06/07/2024) |
| 06/13/2024 | 70 | MOTION by Movant Tarek Farag to intervene as defendant. (Exhibits) (Received via pro se email on 6/13/2024) (rp, ) (Entered: 06/17/2024) |
| 06/13/2024 | 71 | MOTION by Movant Tarek Farag to reassign case as related(Exhibits) (Received via pro se email on 6/13/2024) (rp, ) (Entered: 06/17/2024) |
| 06/17/2024 | 72 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC-22151409.<br><br>(Webster, James) (Entered: 06/17/2024) |
| 06/17/2024 | 73 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC-22151450.<br><br>(Frederick, David) (Entered: 06/17/2024) |
| 06/18/2024 | 74 | MINUTE entry before the Honorable Franklin U. Valderrama: Attorneys James M. Webster, III and David C. Frederick's motion for leave to appear pro hac vice 72 , 73 are granted. Mailed notice. (jcm) (Entered: 06/18/2024) |
| 06/18/2024 | 75 | MINUTE entry before the Honorable Franklin U. Valderrama: Before the Court are a motion to intervene and to reassign case no. 24-cv-2728 as related, filed by pro se movant Tarek Farag 70 , 71 . Because Farag seeks to intervene as a defendant, the Court directs Plaintiff to file a response to the motions to intervene and reassign on or before 7/11/2024. To the extent Defendants oppose either motion, they may file one consolidated response by 7/11/2024. No reply is necessary unless otherwise ordered by the Court. Mailed notice. (jcm) (Entered: 06/18/2024) |
| 06/18/2024 | 76 | ATTORNEY Appearance for Defendant BP P.L.C. by Stephanie Ann Scharf (Scharf, Stephanie) (Entered: 06/18/2024) |
| 06/18/2024 | 77 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by BP P.L.C. (Scharf, Stephanie) (Entered: 06/18/2024) |
| 06/18/2024 | 78 | ATTORNEY Appearance for Defendant BP P.L.C. by George D Sax (Sax, George) (Entered: 06/18/2024) |
| 06/20/2024 | 79 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC-22162905.<br><br>(Severson, Daniel) (Entered: 06/20/2024) |
| 06/21/2024 | 80 | MINUTE entry before the Honorable Franklin U. Valderrama: Attorney Daniel S. Severson's motion for leave to appear pro hac vice 79 is granted. Mailed notice. (jcm) (Entered: 06/21/2024) |
| 06/24/2024 | 81 | MOTION by Movant Tarek Farag to expedite the Reassignment of Case Number 1:24-CV-2728 to this Court Pursuant to Local Rule 40.4. (Received by Box.Com on 6/24/24). |

| 06/25/2024 | 82 | MINUTE entry before the Honorable Franklin U. Valderrama: Before the Court is Tarek Farag's motion to expedite the reassignment of case no. 24-cv-2728 to this Court 81 . Farag states in his motion that he "is halting the proceedings [relating to service] until the transfer is approved, to avoid complicating the case by having more than one Judge ruling on the case," and that he "believes that no parties in the two cases are in a position to object or approve the transfer, as it could have been assigned randomly at the beginning to" this Court. The Court finds that neither of these reasons warrant the resolution of the motion to reassign 71 (or to intervene 70 ) on an expedited or emergency basis. Indeed, N.D. Ill. Local Rule 40.4(c) states that, "[i]n order that all parties to a proceeding be permitted to respond on the questions of relatedness and possible reassignment, such motions should not generally be filed until after the answer or motions in lieu of answer have been filed in each of the proceedings involved." No answers have been filed in case no. 24-cv-2728, and Farag indicates in his motion that Defendants have not yet been served. Unless ordered otherwise by Judge Daniel in case no. 24-cv-2728, the pending motion to reassign filed in this case does not stay any deadlines that may be pending in that case, including service deadlines under Fed. R. Civ. P. 4(m). The Court will resolve the motion to reassign and to intervene in due course once it has reviewed Plaintiffs' response (and any potential opposition from Defendants), which remains due 7/11/2024 75 . Mailed notice. (jcm) (Entered: 06/25/2024) |
| 06/26/2024 | 83 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC-22183804.<br><br>(Reiter, Diana) (Entered: 06/26/2024) |
| 06/26/2024 | 84 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC-22183872.<br><br>(Lombardo, John) (Entered: 06/26/2024) |
| 06/26/2024 | 85 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC-22183990.<br><br>(Hughes, Jonathan) (Entered: 06/26/2024) |
| 06/27/2024 | 86 | MINUTE entry before the Honorable Franklin U. Valderrama: Attorneys Diana E. Reiter, John D. Lombardo, and Jonathan W. Huges's motions for leave to appear pro hac vice 83 , 84 , 85 are granted. Mailed notice. (jcm) (Entered: 06/27/2024) |
| 07/01/2024 | 87 | RESPONSE by American Petroleum Institute, BP America Inc., BP P.L.C., BP Products North America Inc., Chevron Corporation, Chevron U.S.A. Inc., ConocoPhillips, ConocoPhillips Company, Exxon Mobil Corporation, ExxonMobil Oil Corporation, Phillips 66, Phillips 66 Company, Shell Oil Products Company LLC, Shell PLC, Shell USA, Inc.in Opposition to MOTION by Plaintiff City of Chicago to remand *to State Court*<br><br>66 (Holmes, Patricia) (Entered: 07/01/2024) |
| 07/02/2024 | 88 | ATTORNEY Appearance for Defendants ConocoPhillips, ConocoPhillips Company by Suyash Agrawal (Agrawal, Suyash) (Entered: 07/02/2024) |
| 07/02/2024 | 89 | ATTORNEY Appearance for Defendants ConocoPhillips, ConocoPhillips Company by Constance Grieves (Grieves, Constance) (Entered: 07/02/2024) |

| 07/11/2024 | 90 | ATTORNEY Appearance for Defendants ConocoPhillips, ConocoPhillips Company by Robert Kingsley Smith (Smith, Robert) (Entered: 07/11/2024) |
|---|---|---|
| 07/11/2024 | 91 | MEMORANDUM by City of Chicago in Opposition to motion to reassign case 71 , motion to intervene 70 (Flynn, Daniel) (Entered: 07/11/2024) |
| 07/11/2024 | 92 | RESPONSE by American Petroleum Institute, BP America Inc., BP P.L.C., BP Products North America Inc., Chevron Corporation, Chevron U.S.A. Inc., ConocoPhillips, ConocoPhillips Company, Exxon Mobil Corporation, ExxonMobil Oil Corporation, Phillips 66, Phillips 66 Company, Shell Oil Products Company LLC, Shell PLC, Shell USA, Inc.in Opposition to MOTION by Movant Tarek Farag to reassign case<br><br>71 , MOTION by Movant Tarek Farag to intervene<br><br>70 (Holmes, Patricia) (Entered: 07/11/2024) |
| 07/31/2024 | 93 | REPLY by City of Chicago to response in opposition to motion, 87 , MOTION by Plaintiff City of Chicago to remand *to State Court*<br><br>66 (Edling, Matthew) (Entered: 07/31/2024) |
| 08/01/2024 | 94 | MOTION to grant his motion to intervene as a defendant by Movant Tarek Farag (Received via pro se email on 8/1/2024)<br><br>(emc, ) (Entered: 08/02/2024) |
| 08/06/2024 | 95 | MINUTE entry before the Honorable Franklin U. Valderrama: Before the Court is proposed Intervenor Tarek Farag's motion to grant his motion to intervene as a defendant 94 . The Court advises Farag that it has the previously filed motion to intervene 70 and motion to reassign 71 , as well as the response briefs 91 , 92 , under advisement and will rule on the motions in due course. Mailed notice. (jcm) (Entered: 08/06/2024) |
| 08/23/2024 | 96 | ORDER: For the reasons in the accompanying Order, the Court denies Farag's motion to intervene 70 and his motion to reassign 71 . It also terminates Farag's motion to grant his motion to intervene 94 as moot. Signed by the Honorable Franklin U. Valderrama on 8/23/2024. Mailed notice. (jcm) (Entered: 08/23/2024) |
| 11/11/2024 | 97 | Notice of Supplemental Authority in Support of Defendants' Opposition to Plaintiff's Motion to Remand by Shell Oil Products Company LLC, Shell PLC, Shell USA, Inc. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Mueller, Nicole) (Entered: 11/11/2024) |
| 11/12/2024 | 98 | MINUTE entry before the Honorable Franklin U. Valderrama: Before the Court is Defendants' notice of supplemental authority in support of Defendants' opposition to Plaintiffs' motion to remand 97 . Plaintiff may file a response, limited to five pages, by 11/19/2024. Mailed notice. (jcm) (Entered: 11/12/2024) |
| 11/19/2024 | 99 | RESPONSE by Plaintiff City of Chicago to other, 97 *Defendants' Notice of Supplemental Authority* (Edling, Matthew) (Entered: 11/19/2024) |
| 12/27/2024 | 100 | ANNUAL REMINDER: Pursuant to Local Rule 3.2 (Notification of Affiliates), any nongovernmental party, other than an individual or sole proprietorship, must file a statement identifying all its affiliates known to the party after diligent review or, if the party has identified no affiliates, then a statement reflecting that fact must be filed. An affiliate is defined as follows: any entity or individual owning, directly or indirectly (through ownership of one or more other entities), 5% or more of a party. |

| | | |
|---|---|---|
| | | ...file statement must be electronically filed as a PDF in conjunction with entering the affiliates in CM/ECF as prompted. As a reminder to counsel, parties must supplement their statements of affiliates within thirty (30) days of any change in the information previously reported. This minute order is being issued to all counsel of record to remind counsel of their obligation to provide updated information as to additional affiliates if such updating is necessary. If counsel has any questions regarding this process, this LINK will provide additional information. Signed by the Honorable Virginia M. Kendall on 12/27/2024: Mailed notice. (tg, ) (Entered: 12/30/2024) |
| 01/08/2025 | 101 | MINUTE entry before the Honorable Franklin U. Valderrama: The Court sets an In-Person motion hearing on Plaintiff's motion to remand for 1/14/2025 at 9:30 a.m. The hearing will be held in Judge Valderrama's Courtroom 1941. The parties should be prepared to present argument on their positions on the motion and to answer any questions the Court may have regarding the motion. Mailed notice. (jcm) (Entered: 01/08/2025) |
| 01/13/2025 | 102 | MINUTE entry before the Honorable Franklin U. Valderrama: The parties informed the Court through an email to the Court's Courtroom Deputy that they are not available on 1/14/2025. The Court strikes the motion hearing set for 1/14/2025 101 . Mailed notice. (jcm) (Entered: 01/13/2025) |
| 01/14/2025 | 103 | MOTION by Plaintiff City of Chicago JOINT MOTION TO RESCHEDULE THE IN-PERSON HEARING ON PLAINTIFFS MOTION TO REMAND<br><br>(Flynn, Daniel) (Entered: 01/14/2025) |
| 01/21/2025 | 104 | MINUTE entry before the Honorable Franklin U. Valderrama: The Court grants the joint motion to reschedule the in-person hearing on Plaintiff's motion to remand 103 . The Court re-sets the hearing to 2/5/2025 at 9:30 a.m. in courtroom 1941. The Court notes that, although most Defendants are represented by different counsel, given that Defendants filed an omnibus response to Plaintiff's motion to remand 87 , the Court expects that the Defendants will designate one attorney as the lead counsel arguing on behalf of all Defendants before the Court. All other counsel for Defendants may, although are not required, to attend the hearing remotely. Defendants are directed to email the Court's Courtroom Deputy, Jonathan Martinez, no later than 2/3/2025 to notify the Court: (1) which counsel will be the lead attorney arguing on behalf of Defendants, and (2) who will be attending the hearing remotely, so the Court may set up WebEx. Mailed notice. (jcm) (Entered: 01/21/2025) |
| 01/24/2025 | 105 | MOTION by Attorney Sean M. Berkowitz, Nicole C. Valco, and Katherine A. Rouse to withdraw as attorney for ConocoPhillips Company, ConocoPhillips. No party information provided<br><br>(Berkowitz, Sean) (Entered: 01/24/2025) |
| 01/24/2025 | 106 | MOTION by Attorney Ryanne E. Perio to withdraw as attorney for ConocoPhillips. No party information provided<br><br>(Perio, Ryanne) (Entered: 01/24/2025) |
| 01/27/2025 | 107 | MINUTE entry before the Honorable Franklin U. Valderrama: For the reasons stated in the motion, the Court grants the motion for leave to withdraw as counsel for Defendants ConocoPhillips and ConocoPhillips Company 105 . Attorneys Sean M. Berkowitz, Nicole C. Valco, and Katherine A. Rouse are withdrawn as counsel for ConocoPhillips Company, ConocoPhillips. Additionally, for the reasons stated in the |

| | | |
|---|---|---|
| | | motion, the Court grants the motion for leave to withdraw as counsel for Defendant ConocoPhillips 106 . Attorney Ryanne E. Perio is withdrawn as counsel for ConocoPhillips. Mailed notice. (jcm) (Entered: 01/27/2025) |
| 01/27/2025 | 108 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC-23005274.<br><br>(Malloy, Kailen) (Entered: 01/27/2025) |
| 01/28/2025 | 109 | MINUTE entry before the Honorable Franklin U. Valderrama: Attorney Kailen Malloy's motion for leave to appear pro hac vice 108 is granted. Mailed notice. (jcm) (Entered: 01/28/2025) |
| 01/30/2025 | 110 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC-23022440.<br><br>(Thomas, Elizabeth) (Entered: 01/30/2025) |
| 01/31/2025 | 111 | MINUTE entry before the Honorable Franklin U. Valderrama: Attorney Elizabeth M. Thomas's motion to appear pro hac vice 110 is granted. Mailed notice. (jcm) (Entered: 01/31/2025) |
| 02/05/2025 | 112 | MINUTE entry before the Honorable Franklin U. Valderrama: In-person motion hearing held on 2/5/2025. All parties appeared in courtroom 1941 and remotely via WebEx. The Court heard oral arguments on the motion to remand 103 from Plaintiff's Counsel representing the City of Chicago, and Defense Counsel representing Chevron Corporation, on behalf of all Defendants. The Court will issue its ruling on the motion in the near future. Mailed notice. (jcm) (Entered: 02/05/2025) |
| 05/16/2025 | 113 | MEMORANDUM OPINION AND ORDER: For the reasons, the Court grants the City's Motion to Remand 66 in part and denies it in part. It grants it in part, in that the case is remanded and the Clerk's Office is directed to remand this case to the Circuit Court of Cook County, Illinois immediately. It denies it in part, in that the Court declines to award the City fees and expenses. Civil case terminated. Signed by the Honorable Franklin U. Valderrama on 5/16/2025. Mailed notice. (jcm) (Entered: 05/16/2025) |
| 05/18/2025 | 114 | MOTION by Defendants Chevron Corporation, Chevron U.S.A. Inc. to stay regarding order on motion to remand,,, memorandum opinion and order,,, terminated case,, 113 *Defendants' Emergency Motion for a Temporary Stay of Execution of Remand Order*<br><br>(Attachments: # 1 Text of Proposed Order)(Holmes, Patricia) (Entered: 05/18/2025) |
| 05/19/2025 | 115 | MINUTE entry before the Honorable Franklin U. Valderrama: Before the Court is Defendants' emergency motion for a temporary stay of execution of this Court's remand order 114 . The motion fails to indicate whether the City opposes the motion. The Court directs the City to file a response to the motion (understanding the limited nature of the motion; that is, it is not a substantive motion to stay pending appeal at this time) indicating whether it opposes the emergency motion, and if so, the basis for the opposition, by 5/20/2025 at 12:00 p.m. At this time, the Court stays execution of the Court's remand order until it resolves the emergency motion. Therefore, the Court directs the Clerk not to send a certified copy of the Order 113 to the Circuit Court of Cook County, Illinois, until further Order of the Court. Mailed notice. (jcm) (Entered: 05/19/2025) |

| 05/20/2025 | 116 | RESPONSE by City of Chicago to MOTION by Defendants Chevron Corporation, Chevron U.S.A. Inc. to stay regarding order on motion to remand,,, memorandum opinion and order,,, terminated case,, 113 *Defendants' Emergency Motion for a Temporary Stay of Execution of Remand O 114 (Flynn, Daniel) (Entered: 05/20/2025)* |
|---|---|---|
| 05/20/2025 | 117 | MINUTE entry before the Honorable Franklin U. Valderrama: On 5/16/2025, the Court entered an order granting Plaintiff City of Chicago's (the City) motion to remand and directed the Clerk to remand the case to the Circuit Court of Cook County immediately. R. 113 , Order. On 5/18/2025, Defendants filed an emergency motion for a temporary stay of execution of this Court's remand order 114 , requesting that the Court stay execution of its order granting the City's motion to remand until the Court rules on Defendants' forthcoming motion to stay pending appeal or, if that motion is denied, until the Seventh Circuit rules on the motion to stay Defendants would then file in that court. R. 114 , Mot. Stay. The Court directed the City to file a response by noon today 115 , which it did, R. 116 , Resp. In its response, the City indicates that it does not oppose the City's emergency motion to the extent that it requests "a temporary stay that would 'remain in place until this Court rules on Defendants' forthcoming motion to stay pending appeal.'" Resp. at 2 (quoting Mot. Stay at 1). However, the City opposes the "request that the temporary stay remain in place 'if [the forthcoming] motion is denied, until the Seventh Circuit rules on the motion to stay Defendants would then file in that Court.'" Id. (quoting Mot. Stay at 1-2). Additionally, the City requests that the Court set an expediting briefing schedule with page limits. As the City points out in its response, "[a] stay is not a matter of right, even if irreparable injury might otherwise result. It is instead an exercise of judicial discretion, and... [t]he party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." Nken v. Holder, 556 U.S. 418, 43334 (2009) (cleaned up). The moving party bears a "heavy burden of justifying the court's exercise of such an extraordinary remedy." Thomas v. JP Morgan Chase Bank, 2019 WL 13221434, at *1 (N.D. Ill. June 24, 2019) (cleaned up). When deciding motions to stay pending appeal, the Court must consider four factors: "(1) whether the stay applicant has a made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Nken, 556 U.S. at 434 (cleaned up). In the face of the City's non-opposition to Defendants' requested stay pending this Court's ruling on Defendants' forthcoming motion to stay, the Court grants the motion. In granting the motion, the Court is not in any way weighing in on the merits of the forthcoming motion to stay. Additionally, the Court finds the City's proposed briefing schedule and page limits to be appropriate. Accordingly, the Court sets the following briefing schedule and page limits on the forthcoming motion to stay: (1) Defendants' motion to stay (limited to 10 pages) due 5/28/2025; (2) the City's response (limited to 10 pages) due 6/6/2025; (3) Defendants' reply (limited to 5 pages) due 6/13/2025. As to Defendants' request that the Court stay execution of the remand until the Seventh Circuit rules on a motion to stay, in the event this Court denies the forthcoming motion to stay, the Court finds this request premature. Accordingly, for the foregoing reasons, the Court grants in part and denies in part the City's emergency motion for a temporary stay of execution of this Court's remand order 114 . The Clerk is directed not to send a certified copy of the remand order 113 to the Circuit Court of Cook County, Illinois, until further Order of the Court. Mailed notice. (jcm) (Entered: 05/20/2025) |

| | | |
|---|---|---|
| 05/20/2025 | 118 | MOTION for Leave to Appear Pro Hac Vice on behalf of Shell Oil Products Company LLC, Shell PLC, Shell USA, Inc. by David Sarratt; Filing fee $ 150, receipt number AILNDC-23513316.<br><br>(Sarratt, David) (Entered: 05/20/2025) |
| 05/20/2025 | 119 | MOTION for Leave to Appear Pro Hac Vice on behalf of Shell Oil Products Company LLC, Shell PLC, Shell USA, Inc. by Abraham Tabaie; Filing fee $ 150, receipt number AILNDC-23513682.<br><br>(Tabaie, Abraham) (Entered: 05/20/2025) |
| 05/22/2025 | 120 | MOTION for Leave to Appear Pro Hac Vice on behalf of Shell Oil Products Company LLC, Shell PLC, Shell USA, Inc. by Josh A. Cohen; Filing fee $ 150, receipt number AILNDC-23526020.<br><br>(Cohen, Josh) (Entered: 05/22/2025) |
| 05/22/2025 | 121 | MOTION for Leave to Appear Pro Hac Vice on behalf of Shell Oil Products Company LLC, Shell PLC, Shell USA, Inc. by Elizabeth Costello; Filing fee $ 150, receipt number AILNDC-23526113.<br><br>(Costello, Elizabeth) (Entered: 05/22/2025) |
| 05/27/2025 | 122 | MINUTE entry before the Honorable Franklin U. Valderrama: The Court grants the following attorney's motions for leave to appear pro hac vice: (1) David Sarratt 118 ; (2) Abraham Tabaie 119 ; (3) Josh A. Cohen 120 ; and (4) Elizabeth Costello 121 . Mailed notice. (jcm) (Entered: 05/27/2025) |
| 05/28/2025 | 123 | NOTICE of appeal by American Petroleum Institute, BP America Inc., BP P.L.C., BP Products North America Inc., Chevron Corporation, Chevron U.S.A. Inc., ConocoPhillips, ConocoPhillips Company, Exxon Mobil Corporation, ExxonMobil Oil Corporation, Phillips 66, Phillips 66 Company, Shell Oil Products Company LLC, Shell PLC, Shell USA, Inc. regarding orders 113 Filing fee $ 605, receipt number AILNDC-23547129. Receipt number: n (Holmes, Patricia) (Entered: 05/28/2025) |
| 05/28/2025 | 124 | MOTION by Defendants American Petroleum Institute, BP America Inc., BP P.L.C., BP Products North America Inc., Chevron Corporation, Chevron U.S.A. Inc., ConocoPhillips, ConocoPhillips Company, Exxon Mobil Corporation, ExxonMobil Oil Corporation, Phillips 66, Phillips 66 Company, Shell Oil Products Company LLC, Shell PLC, Shell USA, Inc. to stay regarding order on motion to remand,,, memorandum opinion and order,,, terminated case,, 113<br><br>(Holmes, Patricia) (Entered: 05/28/2025) |
| 05/28/2025 | 125 | MEMORANDUM by American Petroleum Institute, BP America Inc., BP P.L.C., BP Products North America Inc., Chevron Corporation, Chevron U.S.A. Inc., ConocoPhillips, ConocoPhillips Company, Exxon Mobil Corporation, ExxonMobil Oil Corporation, Phillips 66, Phillips 66 Company, Shell Oil Products Company LLC, Shell PLC, Shell USA, Inc. in support of motion to stay, 124 (Holmes, Patricia) (Entered: 05/28/2025) |
| 05/29/2025 | 126 | NOTICE of Appeal Due letter sent to counsel of record regarding notice of appeal, 123 . (daj, ) (Entered: 05/29/2025) |