Save As     Clear Form

**APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Appellate Court No: <u>25-1916</u>

Short Caption: <u>City of Chicago v BP p.l.c. et al.</u>

   To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

   The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

☐    **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)    The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):
<u>BP p.l.c., BP America Inc., and BP Products North America Inc.</u>

(2)    The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:
<u>Scharf Banks Marmor LLC, Sullivan & Cromwell LLP, Arnold & Porter Kaye Scholer LLP</u>

(3)    If the party, amicus or intervenor is a corporation:

    i)       Identify all its parent corporations, if any; and

        <u>Please see attached addendum.</u>

    ii)      list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

        <u>Please see attached addendum.</u>

(4)    Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

    <u>N/A</u>

(5)    Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

    <u>N/A</u>

Attorney's Signature: <u>s/ Richard C. Pepperman II</u>      Date: <u>June 6, 2025</u>

Attorney's Printed Name: <u>Richard C. Pepperman II</u>

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).   **Yes** ☑   **No** ☐

Address: <u>125 Broad Street</u>

        <u>New York, New York 10004-2489</u>

Phone Number: <u>212-558-3493</u>      Fax Number: <u>212-291-9113</u>

E-Mail Address: <u>peppermanr@sullcrom.com</u>

rev. 12/19 AK

Addendum to Appearance & Circuit Rule 26.1 Disclosure Statement

(3)(i):  BP p.l.c. has no parent companies.  The parent companies of BP America Inc. are BP America Ltd., BP Holdings North America Ltd., and BP p.l.c.  The parent companies of BP Products North America Inc. are The Standard Oil Company, BP Company North America Inc., BP Corporation North America Inc., BP America Inc., BP America Ltd., BP Holdings North America Ltd., and BP p.l.c.

(3)(ii):  BP America Inc. and BP Products North America Inc. are wholly-owned indirect subsidiaries of BP p.l.c.  No publicly-traded company owns more than 10% of BP p.l.c. stock.